DISTRICT TELECOMMUNICATIONS
DEVELOPMENT CORPORATION,
Plaintiff,

v.

DISTRICT CABLEVISION, INC., et
al., Defendants.

Civ. A. No. 85–2346.

United States District Court,
District of Columbia.

Nov. 27, 1985.

Tomas R. Lopez, Harold E. Jordan, Washington, D.C., for plaintiff.

Robert W. Fleishman, Matthew H. Adler, Steptoe & Johnson, Frank W. Gaines, Jr., James E. Tolan, Robert L. Hoegle, Olwine, Connelly, Chase, O'Donnell, & Weyher, Washington, D.C., for defendants.

### MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on defendants' motions to dismiss plaintiff's complaint. For the reasons stated below, defendants' motions are granted.

### I. *Background*

On September 11, 1985, plaintiff District Telecommunications Development Corporation ("District Telecommunications") (a D.C. corporation) filed a complaint seeking more than $13,000,000 in lost profits and other compensatory damages allegedly caused by three defendants, District Cablevision Inc. ("DCI") (a D.C. corporation), Tele-Communications Inc. ("TCI") (a Delaware corporation engaged in the business of acquiring financial interests in and managing cable television systems throughout the United States), and TCI Development Corporation ("TDC") (a Colorado corporation which is a wholly-owned subsidiary of TCI).

Specifically, plaintiff alleges that defendants employed misrepresentations, and mail and wire fraud, to obtain the exclusive franchise to provide a cable television system to the District of Columbia. Plaintiff claims that but for this fraud, plaintiff would have been awarded the franchise. In addition to actual compensatory damages, plaintiff seeks punitive damages, tre-

ble damages, reasonable costs, and attorneys' fees.

The jurisdiction of this court arises under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–68 (1982) (as amended 1984). There are also state law claims which may be joined pursuant to this court's pendent jurisdiction.

In 1983, the District of Columbia invited proposals for the purpose of awarding a franchise to construct and operate a cable television system in the District. Plaintiff, defendant DCI, and a third company—Capital City Cable—responded. According to plaintiff, DCI then committed numerous fraudulent acts which deceived the District of Columbia concerning the relative merits, technical aspects and financial viability of DCI's proposal. After the bids were considered, plaintiff received an overall ranking of "second-best" qualified, but DCI was awarded the franchise.

On June 18, 1985, DCI advised the District of Columbia that DCI was unable to fulfill its obligations under the franchise agreement and that modifications were necessary. Plaintiff claims this created an entirely new franchise agreement which, had it been originally presented to the District of Columbia, would not have been accepted.

Plaintiff's complaint alleges unfair competition, intentional interference with prospective contract, fraud, civil conspiracy to defraud, and violation of RICO sections 1962 and 1964. In the complaint, the RICO allegations are: (1) that the three defendants along with certain officers, directors, and employees of defendants constitute an enterprise or enterprises; (2) that defendants participated in the affairs of such enterprises; (3) that defendants conspired to participate in the affairs of the enterprises so that DCI would obtain the franchise; (4) that interstate mails on at least four occasions and interstate wires were used in furtherance of the fraud; and (5) that this racketeering activity damaged plaintiff in its business and property through lost profits.

## II. *Discussion*

RICO section 1962 established a threefold prohibition aimed at stopping the infiltration of racketeers into legitimate organizations. Subsection (a) makes it unlawful for any person who has received income from a pattern of racketeering activity to use the income for the establishment of an enterprise engaged in interstate commerce. Subsection (b) makes it unlawful for any person through a pattern of racketeering activity to acquire an interest in such an enterprise. Subsection (c) reads:

> It shall be unlawful for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ....

RICO section 1964 provides civil remedies for anyone injured through violation of section 1962. In pertinent part, 18 U.S.C. § 1964(c) reads:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

Defendants' Rule 12(b) motions to dismiss basically challenge plaintiff's complaint by saying that plaintiff has failed to state a claim under RICO upon which relief can be granted and that plaintiff has not stated with particularity the circumstances constituting its fraud allegations.

Plaintiff is seeking compensation for a lost opportunity created by an alleged fraud perpetrated not on plaintiff but on the District of Columbia. While there are numerous aspects of plaintiff's complaint challenged by defendants, this court finds that defendants' 12(b) motions may be sustained on any one of three fatal defects in plaintiff's RICO claim: (1) there is no separate and distinct "enterprise" sufficiently alleged; (2) the predicate acts alleged can-

not constitute the requisite "pattern of racketeering activity"; and (3) the injury alleged by plaintiff is not cognizable under RICO.

Each defect is dealt with separately. This court notes at the outset that defendants' motions to dismiss are not considered Rule 56 summary judgment motions just because defendant DCI attached two letters to its motion. Those letters are not significant in resolving the issues at bar and consequently this court, pursuant to Rule 12(b), chooses to exclude them from consideration.

A. *No Separate and Distinct "Enterprise"*

RICO section 1962 prohibits "persons" (those alleged to have violated the act) from utilizing an "enterprise" for racketeering purposes. "Enterprise" is defined to include "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Any statutory interpretation of section 1962 must recognize that the "person" under RICO is a different entity from the "enterprise".

The case law in this circuit supports this. In *Guerrero v. Katzen,* 571 F.Supp 714, 722 (D.D.C.1983), this court dismissed Section 1962 allegations both because there was no clear distinction between the "persons" and the "enterprise" and because no valid causal connection was pled between the RICO offense and plaintiffs' injury. In that case, plaintiffs alleged that two defendants were the "persons," but that together or individually they were also the "enterprise."

In *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639,* No. 83–1232, slip. op. at 6–11 (D.D.C. June 28, 1984) (Flannery, J.), this court dismissed certain § 1962 allegations because the defendant union could constitute a "enterprise", but could not constitute a "person" as well. The court found that the union could be a "person" if it engaged in racketeering to aid some outside organiza-

tion or "enterprise", but that the union could not simultaneously be considered a "person" and "enterprise". *Id.* at 8–9.

This interpretation has been recognized in other circuits as well. *Bennett v. United States Trust Company of New York,* 770 F.2d 308, 314–15 (2d Cir.1985); *B.F. Hirsch v. Enright Refining Co.,* 751 F.2d 628, 634 (3d Cir.1984); *Haroco, Inc. v. American National Bank & Trust Co.,* 747 F.2d 384, 400 (7th Cir.1984), *aff'd on other grounds,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985) (per curiam); *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984); *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190–91 (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Bennett v. Berg,* 685 F.2d 1053, 1061–62 (8th Cir. 1982), *aff'd en banc,* 710 F.2d 1361, *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Kaufman v. Chase Manhattan Bank, N.A.,* 581 F.Supp. 350, 357–58 (S.D.N.Y.1984). The only case which supports plaintiff's position is *United States v. Hartley,* 678 F.2d 961, 987–90 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1973). This court is not persuaded by the reasoning of *Hartley* and instead adheres to the majority rule.

Since they are the entities being sued, the three defendants here must be the RICO "persons." In the complaint, plaintiff suggests that the "enterprise" is either these persons altogether or individually, or the "enterprise" may be some grouping of defendants as a group along with certain officers of defendants TCI and DCI. Only later, in its pleadings, does plaintiff suggest that the "enterprise" consists of defendants, defendants' officers, C & P Telephone Company, and United Cable Company.

■ Such vague and unclear allegations are unacceptable for stating a RICO claim upon which relief may be granted. The corporate defendants individually cannot be "enterprises" since they would be identical to the "persons." A group of corporations,

*Fustok v. Conticommodity Services, Inc. et al.,* No. 82–1538, slip. op. at 4 (S.D.N.Y. Sept. 24, 1985) (Lasker, D.J.) [Available on WESTLAW, DCTU database], or a corporation in association with its officers, *Sedima, S.P.R.L. v. Imrex, Co.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), may form an enterprise for the purpose of perpetrating fraudulent transactions, but the only connection among the corporate defendants in this case, and between them and C & P Telephone Company or United Cable Company, is in the single alleged attempt to defraud the District of Columbia. The Supreme Court has stated that the enterprise must have an existence apart from the acts of racketeering. *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). To determine what constitutes an "existence apart" the Eighth Circuit has developed a useful set of criteria for determining the enterprise. *United States v. Lemm,* 680 F.2d 1193, 1198 (8th Cir.1982); *United States v. Bledsoe,* 674 F.2d 647, 665 (8th Cir.1982) (an "enterprise" must exhibit three basic characteristics: (1) common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering). This court finds that on the facts alleged in the complaint, there is no ascertainable structure of the "enterprise" that is distinct from that inherent in the conduct of the alleged pattern of racketeering activity. As defendants point out, the only apparent common denominator among the three defendants as an ongoing "enterprise" is their involvement in the particular transaction which is the subject of this suit.

B. *No "Pattern of Racketeering Activity"*

RICO section 1962 proscribes participation in the enterprise "through a pattern of racketeering activity." Such activity requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5). A racketeering activity is any act indictable under certain state and federal criminal laws. 18 U.S.C. § 1961(1).

There is no doubt that Congress intended RICO to be "liberally construed to effectuate its remedial purposes," Pub.L. 91–452, § 904(a), 84 Stat. 947, and the Supreme Court has recognized an expansive interpretation in the case of RICO civil actions. *See generally Sedima, supra* (in a civil action, there is no requirement that the defendant already be convicted of a predicate act or of a RICO violation, nor that there be a "racketeering injury" as opposed to an injury resulting from the predicate acts themselves). Yet the parameters of what is meant by "pattern" remain unclear. Even an expansive interpretation of "pattern" could not include two isolated acts of racketeering activity. *Sedima, supra,* 105 S.Ct. at 3285.

Some courts have suggested an interpretation that includes all but two isolated acts. Plaintiff points to *R.A.G.S. Couture, Inc. v. Hyatt, et al.,* 774 F.2d 1350 (5th Cir.1985) (Wisdom, C.J.), where the court found that the mailing of fraudulent invoices by defendants to plaintiff and then the remailing of the invoices by defendants' counsel, constitutes two related acts of racketeering activity which could be a "pattern" under RICO.

█ The facts of this case are somewhat different. Defendant alleges four discrete mailings of single documents, as opposed to the two mailings of numerous invoices found in *R.A.G.S.* Defendants TCI and TDC were involved in only one of these mailings. The mailings in this case were not made to defendant; in *R.A.G.S.* they were. Like in *R.A.G.S.,* the mailings here are all related to the alleged scheme to defraud the District of Columbia, but the "activity" is more in the nature of a single effort to defraud, not a series of efforts to defraud by collecting numerous fictional debts.

In explaining the RICO legislation, the Senate report stated:

The infiltration of legitimate business normally requires more than one "racketeering activity" and the threat of continuing activity to be effective. It is this

factor of continuity plus relationship which combines to produce a pattern. S.Rep. No. 91–617, at 158 (1969). In both *Sedima* and *R.A.G.S.* there was an ongoing relationship between plaintiffs and defendants during which efforts were made to extract money on a series of alleged fraudulent invoices. In this case, there is no alleged relationship between plaintiff and defendant and certainly no continuity. Instead there is a single alleged scheme to defraud in which no representations were ever made to plaintiff.

While the District of Columbia might fit into the shoes of a *Sedima-R.A.G.S.* plaintiff, District Telecommunications, a frustrated bidder, does not. There might also be a valid enterprise where the city council allegedly has formed an association with the successful bidder to the detriment of an unsuccessful bidder. *See Teleprompter of Erie, Inc. v. City of Erie*, 537 F.Supp. 6 (W.D.Pa.1981). Yet there is no claim by plaintiff that the District of Columbia is a member of the "enterprise".

Unlike the court in *R.A.G.S.*, this court is skeptical that Congress intended allegations of fraud in contract actions to transform ordinary state claims into federal racketeering charges. Leaving aside the question of Congress's power under the Constitution to federalize the common law of the states in such a sweeping manner, "garden variety fraud" appears nowhere in the legislative history as a target of RICO. This court declines to go down a route which would make it so.

## C. No "Injury to Business or Property"

■ Perhaps the most unusual aspect of this case is that plaintiff was not the prime target of any alleged fraud, but rather a third-party recipient of its effects. Had plaintiff alleged some direct causation of harm which was provable and cognizable as a matter of law, then plaintiff's claim might withstand defendants' motions to dismiss. For two reasons, this court finds that plaintiff could not possibly show itself to be injured in business or property by the alleged fraud. As such, plaintiff has no

standing to sue. *Sedima, supra,* 105 S.Ct. at 3285–86.

First, it cannot be shown that but for defendants' alleged fraud, plaintiff would have received the cable franchise. The filing and prosecution of the applications did not obligate the City Council to grant any franchises. 8 D.C. Code § 43–1813.1(a) (Supp.1985). While plaintiff asserts that it was ranked second in the bidding process by the D.C. Cable Commission, under the D.C. Cable Act the D.C. Council has discretion to award the franchise to whichever bidder it desires regardless of ranking. 8 D.C. Code §§ 43–1803, 1804, 1812, and 1813.1 (Supp.1985). It is not bound by any ranking of the bids.

Second, the franchise award to defendants was not exclusive and did not preclude use by the District of Columbia of plaintiff's services. 8 D.C.Code §§ 43–1802.1 and 1813.1(a) (Supp.1985). Thus, regardless of any fraudulent activities, plaintiff could have been and still can be awarded a franchise. Proximate causation, a necessary requirement under RICO, *Haroco, supra,* at 398, simply cannot be shown.

Since there cannot be shown as a matter of law that but for defendants alleged fraud, plaintiff would have received a franchise, let alone an exclusive one, this court must dismiss plaintiff's claim as one which fails to state an injury cognizable under RICO.

## III. *Conclusion*

For the reasons stated above, this court dismisses with prejudice plaintiff's complaint for failure to state a claim under RICO upon which relief may be granted. Without a federal claim left in this suit, the state law claims are dismissed as well, but without prejudice. Plaintiff may pursue these claims in the local courts of this District.

An appropriate Order accompanies this Memorandum.