**Walter L. JONES, Plaintiff,**

v.

**CITY OF BUFFALO, et al., Defendants.**

**Civ. A. No. 95–1688.**

United States District Court, District of Columbia.

Oct. 13, 1995.

---

Walter L. Jones, Buffalo, NY, pro se.

Charles R. Donnenfeld and Richard James Oparil, Schwalb, Donnenfeld, Bray & Silbert, P.C., Washington, DC, for Niagara Frontier Transportation Authority, defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Plaintiff's motion for preliminary injunction and Defendant's motion for dismissal. Plaintiff is proceeding *pro se.*

### FACTS

On September 1, 1995, the Plaintiff, a minority contractor located in New York State submitted a bid for a construction project to the Niagara Frontier Transportation Authority ("NFTA"). The Plaintiff's bid was not accepted by NFTA. On September 5, 1995 Plaintiff filed a complaint in this Court alleging violations of various federal statutes, rules, and provisions of the U.S. Constitution based on the Defendants' failure to award the contract to Plaintiff's firm. On September 9, 1995, Plaintiff filed a motion for pre-

liminary injunction asking this Court *inter alia,* to enjoin the award of the contract to the winning bidder and seeking to join Attorney General Janet Reno as an involuntary plaintiff. This Court has been presented with no basis for joining the Attorney General in this law suit. Accordingly, Plaintiff's request to join the Attorney General will be denied.

The Plaintiff names numerous Defendants in his complaint and motion for preliminary injunction. They include NFTA, its Commissioners and certain employees, the Mayor of Buffalo, the Corporation Counsel, a City Court Judge, a State Assemblyman, the Buffalo Enterprise Development Corporation and its Chief Executive Officer. The Defendants have filed a motion to dismiss and motion in opposition to the preliminary injunction.

Essentially, Plaintiff claims that over the past two years the actions of the defendants, acting in concert, deprived him and his corporation of their Constitutional and other rights. For the reasons stated below, this Court is not the proper forum in which to adjudicate these claims.

## I. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS NAMED IN THIS LAWSUIT BECAUSE THEY DO NOT RESIDE OR MAINTAIN THEIR PRIMARY PLACE OF BUSINESS IN THE DISTRICT OF COLUMBIA AND ARE NOT SUBJECT TO THE DISTRICT OF COLUMBIA'S LONG ARM STATUTE.

■ It is undisputed that all of the Defendants named by the Plaintiff in this lawsuit reside and work in locations outside of the District of Columbia. Thus, the only means for obtaining personal jurisdiction over these Defendants, is via the District of Columbia's Long Arm statute. D.C.Code § 13–423(a)(1)–(4).[1] *See Reuber v. United States,* 750 F.2d 1039, 1049 (D.C.Cir.1984); *Dickson v. United States of America, et al.,* 831 F.Supp. 893 (D.D.C.1993). Under this statute, personal jurisdiction may be exercised over individuals for claims arising from business transactions, contracts to provide services, or tortious injuries that took place in the District of Columbia. The general rule is that the Plaintiff has the burden of showing that all the requirements of the Long Arm statute have been met before personal jurisdiction can attach. *Reuber, supra,* at 1552. Mere conclusory statements that the Defendants engaged in a conspiracy will not alone suffice. *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 786 (D.C.Cir. 1983), *cert. den.,* 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984).

■ In this case, the Plaintiff fails to allege that any of the above-described Defendants had contacts with the District of Columbia, as defined by D.C.Code § 13–423(a)(1)–(4). Accordingly, the Plaintiff has not met his burden to show that the Long Arm statute applies, and the Court therefore does not have personal jurisdiction over the Defendants, none of whom reside or maintain their principal place of business in the District of Columbia.

## II. VENUE FOR THIS LAWSUIT DOES NOT LIE IN THE DISTRICT OF COLUMBIA.

■ Plaintiff asserts venue in the District of Columbia under two statues, 18 U.S.C. § 1965 and 28 U.S.C. § 1391(f)(4), neither one of which is applicable. 18 U.S.C. § 1965 is a special venue statue under RICO. As a preliminary matter, the conduct alleged in the complaint does not allege defendants'

---

1. D.C.Code § 13–423(a)(1)–(4) provides:

    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
    (1) transacting any business in the District of Columbia;
    (2) contracting to supply services in the District of Columbia;

    (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
    (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

involvement in either an "enterprise" or a "pattern of racketeering activity", both prerequisites for a claim under the RICO statue. 18 U.S.C. § 1962. *See District Telecommunications Development Corporation v. District Cablevision, Inc.,* 638 F.Supp. 418, 420–421 (D.D.C.1985).

■ Plaintiff's second argument relies on 28 U.S.C. § 1391(f)(4), which is a venue provision dealing with Foreign Sovereign Immunity suits in federal courts. It is clear upon the record that none of the Defendants in this action is a "foreign state" within the meaning of the statute.

■ Finally, even under the general venue provisions, venue is not proper in the District of Columbia. 28 U.S.C. § 1391(b) defines where venue is proper for civil suits in which jurisdiction is not based on diversity of citizenship. In the instant case, it is clear that all of the Defendants and Plaintiff reside in New York State. It provides that such lawsuits may only be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, all of the Defendants reside within the same district. It is undisputed that all of alleged events giving rise to the Plaintiff's claim took place in New York State. The construction project is located in New York, the bids were solicited and submitted in New York and the contract was awarded in New York. The Plaintiff's claims regarding the actions of New York State Defendants focus on events that took place entirely in New York. Venue for this lawsuit, therefore, is improper in the District of Columbia, pursuant to 28 U.S.C. § 1391(b)(1)–(2).

### III. Conclusion

This matter is not properly before this Court. The Court will therefor dismiss the Plaintiff's complaint and motion for preliminary injunction, without prejudice in order to allow him to refile in an appropriate forum. An Order accompanies this Opinion.

### *ORDER*

Upon consideration of the parties pleadings in the above-captioned case, the Court hereby

**ORDERS** that the Plaintiff's Complaint be **Dismissed,** without prejudice; and it is

**FURTHER ORDERED** that the Plaintiff's Motion for Preliminary Injunction be **Dismissed,** without prejudice; and it is

**FURTHER ORDERED** that the Plaintiff's request to join Attorney General Janet Reno as an involuntary Plaintiff be **DENIED.**

It is so **ORDERED.**