# AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO ET AL. *v.* HAROCO, INC., ET AL.

No. 84–822.   Argued April 17, 1985—Decided July 1, 1985

*Donald E. Egan* argued the cause for petitioners. With him on the briefs were *Michael Wm. Zavis, Francis X. Grossi, Jr.,* and *Lee Ann Watson.*

*Aram A. Hartunian* argued the cause for respondents. With him on the brief was *Joel Hellman.**

---

*\*John J. Gill, Johanna M. Sabol, Michael F. Crotty,* and *Edward F. Mannino* filed a brief for the American Bankers Association as *amicus curiae* urging reversal.

PER CURIAM.

This is a private civil action brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), Pub. L. 91–452, Title IX, 84 Stat. 941, as amended, 18 U. S. C. §§ 1961–1968. Respondents' complaint alleged that petitioner bank and several of its officers had fraudulently charged excessive interest rates on loans. The gist of the claim was that the bank had lied with regard to its prime rate and that the rate charged to respondents, which was pegged to the prime, was therefore too high. The complaint alleged that this scheme to defraud, which was carried on through the mails, violated 18 U. S. C. § 1962(c), in that the mailings constituted a pattern of racketeering activity by means of which petitioners conducted, or participated in the conduct

Briefs of *amici curiae* urging affirmance were filed for the State of Arizona et al. by the Attorneys General for their respective States as follows: *Robert K. Corbin* of Arizona, *Norman C. Gorsuch* of Alaska, *John Van de Kamp* of California, *Duane Woodard* of Colorado, *Joseph Lieberman* of Connecticut, *Joe Smith* of Florida, *Michael Lilly* of Hawaii, *Jim Jones* of Idaho, *Neil Hartigan* of Illinios, *Linley E. Pearson* of Indiana, *David L. Armstrong* of Kentucky, *William J. Guste, Jr.,* of Louisiana, *Frank J. Kelley* of Michigan, *Edward L. Pittman* of Mississippi, *William L. Webster* of Missouri, *Mike Greely* of Montana, *Brian McKay* of Nevada, *Irwin L. Kimmelman* of New Jersey, *Paul Bardacke* of New Mexico, *Lacy H. Thornburg* of North Carolina, *Nicholas J. Spaeth* of North Dakota, *Anthony Celebrezze* of Ohio, *Michael Turpen* of Oklahoma, *David Frohnmayer* of Oregon, *Dennis J. Roberts II* of Rhode Island, *T. Travis Medlock* of South Carolina, *Mark V. Meierhenry* of South Dakota, *W. J. Michael Cody* of Tennessee, *David L. Wilkinson* of Utah, *John J. Easton* of Vermont, *Kenneth O. Eikenberry* of Washington, *Charlie Brown* of West Virginia, *Bronson C. La Follette* of Wisconsin, and *Archie G. McClintock* of Wyoming; for the State of New York by *Robert Abrams,* Attorney General, *Robert Hermann,* Solicitor General, and *R. Scott Greathead,* First Assistant Attorney General; for the City of Chicago et al. by *James D. Montgomery, Frederick A. O. Schwarz, Jr., Barbara W. Mather,* and *Leonard Koerner;* for the County of Suffolk, New York, by *Mark D. Cohen;* for the Interinsurance Exchange of the Automobile Club of Southern California by *James M. Fischer* and *Patrick Mesisca, Jr.;* and for John Grado et al. by *James S. Dittmar.*

of, the bank. The only injuries alleged were the excessive interest charges themselves.

The District Court dismissed on the ground that the complaint did not state a claim. 577 F. Supp. 111 (ND Ill. 1983). In its view, "to be cognizable under RICO [the injury] must be caused by a RICO violation and not simply by the commission of predicate offenses, such as acts of mail fraud." *Id.*, at 114. The Court of Appeals for the Seventh Circuit reversed in relevant part, 747 F. 2d 384 (1984), rejecting various formulations of a requirement of a distinct RICO injury. We granted certiorari, 469 U. S. 1157 (1984), to consider the question whether a claim under § 1964(c) requires that the plaintiff have suffered damages by reason of the defendant's violation of § 1962 through the prescribed predicate offenses, or whether injury from those offenses alone is sufficient.*

In their brief, and at oral argument, petitioners have argued primarily that respondents' complaint does not adequately allege a violation of § 1962(c). In particular, they assert that respondents have not shown that the enterprise was "conducted" through a pattern of racketeering activity. Petitioners do not appear to have made this precise argument below, it was not addressed by the Court of Appeals, and it quite clearly is not included in the question presented by their petition for certiorari. Although we have the authority to waive it, this Court's Rule 21.1(a) provides that only the question set forth in the petition for certiorari or fairly included therein will be considered, and we therefore do not consider petitioners' late-blooming argument that the complaint failed to allege a violation of § 1962(c).

---

*The question presented was:

"Whether a civil claim for treble damages under the Racketeer Influenced And Corrupt Organizations Act ('RICO') requires that the plaintiff suffer damages by reason of the defendant acquiring, maintaining control or an interest in, or conducting the affairs of an 'enterprise' through the commission of statutorily prescribed offenses as opposed to being damaged solely by reason of the defendant's commission of such offenses." Pet. for Cert. i.

To the extent petitioners' argument is a variation on the racketeering injury concept at issue in *Sedima, S. P. R. L. v. Imrex Co., ante,* p. 479, it is inconsistent with that decision. The submission that the injury must flow not from the predicate acts themselves but from the fact that they were performed as part of the conduct of an enterprise suffers from the same defects as the amorphous and unfounded restrictions on the RICO private action we rejected in that case.

With regard to the question presented, we view the decision of the court below as consistent with today's opinion in *Sedima,* and it is accordingly

*Affirmed.*

[For dissenting opinion of JUSTICE MARSHALL, see *ante,* p. 500.]