**Rom C. HURST**

v.

**SEARS, ROEBUCK & CO., a corporation; Quaker City Enterprises, Inc., a corporation; Frank Giunta, an individual; Bob Carrigan, an individual.**

**Lawrence LEYTON and Leyton Furnace Cleaning Company, Inc.**

v.

**SEARS, ROEBUCK & CO., a corporation; Quaker City Enterprises, Inc., a corporation; Frank Giunta, an individual; Bob Carrigan, an individual.**

Civ. A. Nos. 84–2572, 84–2593.

United States District Court, W.D. Pennsylvania.

July 26, 1985.

Thomas M. Junker, Pittsburgh, Pa., for plaintiff.

W. Richard Booth, Pittsburgh, Pa., for Sears, Roebuck & Co.

Paul M. Puskar, Pittsburgh, Pa., for Quaker City Enterprises and Frank Giunta.

David E. Shapiro, Philadelphia, Pa., for Carrigan.

## MEMORANDUM OPINION

GERALD J. WEBER, District Judge.

Plaintiffs filed these cases in October 1984. The two complaints are identical, save for the names of the plaintiffs, so we granted a motion to consolidate in May 1985. The complaints contain six counts: five based on state court claims, and one under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* Plaintiffs alleged diversity jurisdiction but the contents of their complaints refute this claim. Plaintiffs are Pennsylvania citizens. They state that defendant Frank Giunta is a Pennsylvania citizen, and that defendant Quaker City Enterprises is incorporated and has its

principal place of business in Pennsylvania. Diversity jurisdiction thus would fail for lack of complete diversity. Our jurisdiction came to rest entirely on the sufficiency of plaintiffs' RICO count.

Defendants Quaker City Enterprises and Frank Giunta moved to dismiss the complaints in December 1984. Defendant Carrigan did likewise in April 1985. Both motions relied upon the same grounds; lack of diversity and insufficient RICO allegations. The Supreme Court had then recently heard arguments in two cases where it considered conflicting interpretations about the scope of RICO. We stayed all action in these cases pending a decision from the Supreme Court.

These decisions were issued July 1, 1985. *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *American National Bank & Trust Co. of Chicago v. Haroco, Inc.,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). Reviewing these decisions has dispelled our initial skepticism about plaintiffs' ability to bring what is in essence a state action into the federal courts under RICO. The majority of the Court settled questions about the scope of RICO which until now had divided support among the circuits.

■ Defendants make many of the same arguments in their motions and briefs and we will address them collectively. Defendants first sought a limiting interpretation of civil RICO by arguing that a cause of action requires a prior criminal conviction, a relationship to organized crime, or proof of injuries outside those caused by the predicate acts. We must now reject these positions according to *Sedima.*

■ Defendants' other claims rely on the facts of these cases as pleaded. They contend that plaintiffs' allegations of racketeering activity, connection to interstate commerce, and civil conspiracy under RICO are too vague. We acknowledge that the RICO count has little detail. But Rule 8(a), highly favored by the Court, requires only a short and plain statement of the claim.

Furthermore, under *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we should not dismiss a complaint for insufficiency unless it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief. To collect the necessary details, defendants have available the broad scope of federal discovery. Even if we granted dismissal, we would do so with leave to amend. But we believe discovery is the more efficient method of obtaining particulars than dismissing complaints which are shorter and plainer than the ideal. These cases therefore will survive defendants' motions to dismiss and will proceed in the usual fashion.