### HOWELL PETROLEUM CORPORATION, Plaintiff-Appellant,

v.

### Eldridge V. WEAVER, et al., Defendants-Appellees.

No. 84–2514

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 22, 1985.

Rehearing Denied Jan. 17, 1986.

Bonham, Carrington & Fox, Eugene B. Wilshire, Patrick J. Dyer, Houston, Tex., for plaintiff-appellant.

Schlanger, Cook, Cohn, Mills & Grossberg, C. Henry Kollenberg, H. Miles Cohn, Houston, Tex., for defendants-appellees.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

After the district court had dismissed this suit based on the Racketeer Influenced and Corrupt Organizations Act (RICO)[1] because the amended complaint made no allegation of injury to plaintiff's business or property resulting from anything other than the alleged predicate acts, the United States Supreme Court decided *Sedima*,[2] in which it held:

> Section 1964(c) [of RICO] authorizes a private suit by '[a]ny person injured in his business or property by reason of a violation of § 1962.' Section 1962 in turn makes it unlawful for 'any person'—not just mobsters—to use money derived

from a pattern of racketeering activity to invest in an enterprise, to acquire control of an enterprise through a pattern of racketeering activity, or to conduct an enterprise through a pattern of racketeering activity. §§ 1962(a)–(c). If the defendant engages in a pattern of racketeering activity in a manner forbidden by these provisions, and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c). There is no room in the statutory language for an additional, amorphous "racketeering injury" requirement.

The defendants-appellees contend that dismissal is correct. They argue in addition that the complaint is also deficient because it lacks sufficient particularity.

The Court also held in *Sedima*:

> A violation of § 1962(c), the section on which *Sedima* relies, requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim. Conducting an enterprise that affects interstate commerce is obviously not in itself a violation of § 1962, nor is mere commission of the predicate offenses. In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.

The complaint complies with the statute. The complaint alleges damages resulting from the conduct of an enterprise through a pattern of racketeering activity. The complaint's allegation of injury—loss of funds and injury to property and business resulting from the defendants' fraudulent scheme to misapply funds entrusted to them to maintain their interest in the Enterprise—satisfies the requirement of § 1964(c).

The judgment of dismissal for failure to state a claim is, therefore, REVERSED and the case is REMANDED for further pro-

---

1. 18 U.S.C. § 1961 *et seq.*

2. *S.P.R.L. v. Imrex Co., Inc.,* — U.S. —, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985).

ceedings consistent with *Sedima* and *American National Bank and Trust Company of Chicago v. Haroco, Inc.*[3]

---

**3.** —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).