**Theodore F. De MURO and Linda De Muro, Plaintiffs,**

v.

**E.F. HUTTON, Defendant.**

**No. 85 Civ. 7097(WK).**

United States District Court, S.D. New York.

Jan. 13, 1986.

On Motion to Dismiss May 13, 1986.

Christopher Lovell, P.C., New York City, for plaintiff.

Patrick B. Northup, Schlam, Stone & Dolan, New York City, for defendant.

Victor E. Stewart, Lovell & Stewart, New York City, for plaintiff.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Theodore and Linda De Muro, "plaintiffs" bring this complaint against E.F. Hutton, "defendant" alleging fraud, violations of the Racketeer Influenced and Cor-

rupt Organizations Act, 18 U.S.C. § 1962(a), (c), and (d), "RICO", and various pendent state law claims. Defendant has moved to dismiss the complaint pursuant to F.R.Civ.P. Rule 12(b). Defendant claims that plaintiffs have failed to allege fraud with sufficient particularity, that plaintiffs' RICO claims suffer from a host of fatal defects, and that after the fraud and RICO claims have been dismissed, the pendent state law claims no longer enjoy federal jurisdiction. Prior to oral argument on this motion, the parties agreed that the fraud had been alleged with sufficient particularity but that plaintiffs' RICO claim brought under 18 U.S.C. § 1962(c) and (d) could not stand. Accordingly, all that remains before the Court at this time is the motion to dismiss the claim brought under 18 U.S.C. § 1962(a).

Defendant argues that two defects in this claim make it susceptible to a motion to dismiss pursuant to F.R.Civ.P. Rule 12(b)(6). First, defendant contends that plaintiffs' allegation that E.F. Hutton is the "person" and E.F. Hutton's Red Bank New Jersey office is the "enterprise" fails to state a claim under 18 U.S.C. § 1962(a). It further contends that subsection (a) requires that plaintiffs allege that their injury was caused by the use or investment of the racketeering proceeds by Hutton (the person) in the Red Bank, New Jersey office (the enterprise). We find that under subsection (a), the person and the enterprise need not be distinct, and deny the motion on that ground. However, since under that same subsection plaintiffs must allege that their injury has somehow been caused by the investment of the racketeering proceeds and have not done so, we dismiss the claim under subsection (a) without prejudice to plaintiffs to plead, within twenty days, a set of facts which will realistically establish that plaintiffs were injured by Hutton's investment of racketeering proceeds in its Red Bank New Jersey office.

## FACTS

A detailed recital of the factual allegations contained in plaintiffs' complaint is not necessary at this point. What follows is a brief synopsis of those allegations.

On November 21, 1983, the partially retired Theodore De Muro and Linda De Muro, his elderly, retired and senile mother, opened a $78,000 account at the Red Bank, New Jersey office of E.F. Hutton. Their investment objectives rendered risky investments unsuitable, as their account executive, Fred Manger, knew or should have known. Nonetheless, Manger recommended investing in options, to which plaintiffs did not object until January 4, 1984, and Manger repeatedly reassured plaintiffs over the telephone that these investments were suitable, considering plaintiffs' investment objectives.

On January 5, 1984, Hutton purchased a large number of options and sent a confirmation statement to the plaintiffs. Upon receipt of this confirmation on January 9, 1984, plaintiff Theodore De Muro telephoned Manger and "complained vociferously." He also told Manger not to engage in transactions without prior consultation. Hutton then purported to liquidate these positions for plaintiffs' account, but did actually debit the account for these transactions as if they had been authorized, for a total loss to plaintiffs of $11,250.13. [Complaint at p. 5].

On January 10, 1984 Hutton purchased more options without consulting plaintiffs and sent plaintiffs confirmation slips. Upon receipt of these confirmations on January 13, 1984, Theodore De Muro called Manger and again demanded prior consultation. Manger assured De Muro that Hutton would carefully monitor the investments in plaintiffs' account and stated that the January 10 transactions were making money.

De Muro never spoke to Manger again. When he called Manger's office in the third week of January, 1984, he was told that Manger was "out sick" and that someone else would contact De Muro about the account. Plaintiffs allege that this statement was false in that Manger had already been fired by Hutton at that point.

Thereafter, Susan Musantry of E.F. Hutton's Red Bank, New Jersey office took over the account and called plaintiffs. She explained to them how the "deficit" in their account caused by previous options trading could be solved by initiating a new transaction. Musantry then recommended to plaintiffs a short sale of certain options, which was executed on February 1, 1984. Plaintiffs emphasized to Musantry the need for close attention to their account and consultation prior to trading. At this point plaintiffs had lost $32,918.15 since opening their account with Hutton.

On February 2, 1984 De Muro called Musantry back and asked her to buy back the put contracts that had been sold short the previous day. Musantry convinced De Muro not to do so.

The next morning, prior to the opening of trading, De Muro called Musantry again and ordered Musantry to buy back the short sales. At noon, when he called her again, she stated that she had not executed his earlier order. He repeated the order. At approximately 2:45 p.m. he called back. Musantry claimed there had been a misunderstanding and had never placed the order. De Muro complained. He called superiors of Musantry in Hutton's New York office, but was unable to reach them and they did not return his call. De Muro then registered a complaint with the office manager of the Red Bank office, Mr. Palleteri. He told De Muro not to complain because "we have a lot of people a lot worse off than you." [Complaint at p. 10]. Subsequently Hutton liquidated plaintiffs contract for short sales at approximately a $70,000 loss to plaintiffs.

This lawsuit followed.

## DISCUSSION

1. Can Hutton be both the person and enterprise for purposes of a cause of action pursuant to 18 U.S.C. § 1962(a)?

■ In *Haroco v. American National Bank & Trust Company of Chicago*, (7th Cir.1984) 747 F.2d 384, *aff'd*, (1985) —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437, *See Se-dima, S.P.R.L. v. Imrex Co., Inc.*, (1985) —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346, the Seventh Circuit, albeit in dicta, answered this question in the affirmative. After holding that under subsection (c) of the same statute the person and the enterprise must be distinct, the court went on to state,

... a corporation-enterprise may be held liable under subsection (a) when the corporation is also a perpetrator. As we parse subsection (a), a "person" (such as a corporation-enterprise) acts unlawfully if it receives income derived directly or indirectly from a pattern of racketeering activity in which the person has participated as a principal within the meaning of 18 U.S.C. § 2, and if the person uses the income in the establishment or operation of an enterprise affecting commerce.... This approach to subsection (a) thus makes the corporation-enterprise liable under RICO when the corporation is actually the direct or indirect beneficiary of the pattern of racketeering activity, but not when it is merely the victim, prize, or passive instrument of racketeering. This result is in accord with the primary purpose of RICO, which, after all, is to reach those who ultimately profit from racketeering, not those who are victimized by it.

747 F.2d at 402. Clearly the Seventh Circuit in *Haroco* found that the person and enterprise need not be distinct under subsection (a). The Second Circuit recently cited *Haroco* with approval on the question of whether subsection (c) required that the person and enterprise be distinct, *Bennett v. United States Trust Co.*, (2d Cir.1985) 770 F.2d 308. We have every reason to believe that the Second Circuit would also adopt the reasoning of *Haroco* on the question of subsection (a), as a number of other lower federal courts have already done. *See Ark Travel, Inc. v. Travellers International Tour Operators, Inc.* (D.N.J. February 12, 1985), # 84–623, slip op. 2 R.L.Rep. 283; *The Bruss Co. v. Allnet Communication Services, Inc.*, (N.D.Ill.1985), 606 F.Supp. 401; *Fieldcrest Mills, Inc. v. Congo Agencies, Inc.*, (D.N.J. April 8, 1985),

# 85–305, slip op., *B.F. Hirsch v. Enright Refining Co.*, (D.N.J.1985) 617 F.Supp. 49; *Commonwealth of Pennsylvania v. Derry Construction Co., Inc.*, (W.D.Penn.1985) 617 F.Supp. 940. Accordingly, we conclude that under subsection (a) the person and enterprise need not be distinct entities and deny defendant's motion to dismiss on that ground.

2. Must plaintiffs allege that their injury was caused by Hutton's investing the racketeering proceeds?

18 U.S.C. § 1962(a) makes it a crime for a person who has "received" income from a pattern of racketeering activity to "use or invest" such income. In relevant part, the section provides:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Thus subsection (a) does not make it criminal to engage in a pattern of racketeering activity, but only penalizes the use of income derived therefrom.

18 U.S.C. § 1964(c) provides for civil causes of action by parties who have been injured by violations of § 1962. It provides as follows:

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

It follows that to state a claim under § 1964(c) for violation of § 1962(a) plaintiff must allege that he was injured by the violation there defined, namely the use or investment of income derived from racketeering. Here, plaintiffs have not alleged any injury proximately caused by Hutton's investing the racketeering proceeds.

In *Sedima, S.P.R.L. v. Imrex Co., Inc.*, (1985) — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346, the Supreme Court stated the following with regard to the interplay between § 1964(c) and § 1962.

Conducting an enterprise that affects interstate commerce is not in itself a violation of 1962, nor is mere commission of the predicate offenses. In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation. As the Seventh Circuit has stated, "[a] defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured." *Haroco, Inv. v. National Bank & Trust Co., of Chicago*, 747 F.2d 384, 398 (7th Cir.1984), *aff'd* — U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437.

105 S.Ct. at 3285–86.

Elsewhere on the same page of *Haroco* quoted by the Supreme Court in *Sedima* is the language that § 1964(c) "imposes a proximate cause requirement on plaintiffs. The criminal conduct in violation of section 1962 must, directly or indirectly, have injured the plaintiff's business or property." 747 F.2d at 398.

██ Our requiring that the alleged violation of § 1962 proximately caused plaintiffs' injuries comports with the Supreme Court's opinion in *Sedima*, with the Seventh Circuit in *Haroco* and with the plain language of the statutes involved. Unless plaintiffs can, within twenty days, plead a set of facts which will realistically establish that plaintiffs were injured by Hutton's investment of racketeering proceeds in its Red Bank New Jersey office, the balance of their RICO complaint shall be dismissed pursuant to defendant's Rule 12(b)(6) motion for failure to state a cause of action upon which relief can be granted.

SO ORDERED.

## ON MOTION TO DISMISS

In a Memorandum and Order of January 13, 1986 we dismissed the RICO portion of the above captioned complaint, 18 U.S.C. § 1962(a), "without prejudice to plaintiff to plead, within twenty days, a set of facts which will realistically establish that plaintiffs were injured by Hutton's investment of racketeering proceeds in its Red Bank, New Jersey office." (Familiarity with that opinion is assumed.) Plaintiffs amended their complaint accordingly and then defendant moved to dismiss, claiming that plaintiffs' allegations fell short of the requirements of 18 U.S.C. § 1962(a). We agree, and dismiss the RICO cause of action.

Plaintiffs contend, *inter alia*, that Hutton's investment of racketeering proceeds in its Red Bank, New Jersey office proximately caused their injury in two ways. First, the money allegedly earned through racketeering activities was used to pay the commissions of the Hutton brokers who mismanaged plaintiffs' account, thereby creating the incentive for, and rewarding successful completion of the fraud. Second, the racketeering proceeds financed Hutton's general office expenses, thereby permitting the continued defrauding of plaintiffs.

These allegations have not changed in any significant way since we dismissed the original complaint in this action. The problem was, and continues to be, that plaintiffs have not and can not allege how the investment of racketeering proceeds in the Red Bank, New Jersey office of E.F. Hutton proximately caused their injury. The contention that paying brokers' commissions and financing the operation of an office is sufficient to state a cause of action under 18 U.S.C. § 1962(a) would turn every churning case into a RICO case. Since plaintiffs have cited no case law in support of this novel position, and since we believe that it would involve a vast and unwarranted extension of the boundaries of civil RICO, we grant the motion and dismiss the RICO cause of action with prejudice.

SO ORDERED.