Donald LUTHI, Evelyn Luthi,
Appellants,

v.

TONKA CORPORATION, Appellee.

No. 86–5203.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1987.

Decided April 10, 1987.

---

J.P. Dosland, Moorhead, Minn., for appellants.

Richard F. Ziegler, New York City, for appellee.

Before WOLLMAN, Circuit Judge,
BRIGHT, Senior Circuit Judge, and
MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Donald and Evelyn Luthi appeal from the district court's dismissal with prejudice of their lawsuit against Tonka Corporation, defendant-appellee. The Luthis sued Tonka for violations of the Racketeer Influenced & Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, particularly § 1962(c). They contend that Tonka should be held liable because its Chief Financial Officer, Martin LeBus, caused them financial loss by fraudulent acts relating to a purchase of corporations owned by plaintiffs. The district court dismissed the Luthis' complaint on grounds that RICO does not impose vicarious liability upon Tonka under the pleadings filed in this case. We affirm.

Our review focuses only on the facts alleged in the complaint which for the purpose of the motion for dismissal are deemed true. The Luthis owned all the outstanding stock of Red River Transport & Development, Inc. and Air Freight Express, Inc. On September 3, 1983, they sold their stock in the two companies to another company known as Air Freight Express, Inc., a Delaware corporation, for $1,100,000. The Luthis were paid $100,000, and the acquiring company, Air Freight Express, signed a promissory note for $1,000,000, on which it subsequently defaulted. The Luthis were forced to regain possession of their stock which was then worthless.

Prior to the purchase of the Luthis' stock, Tonka had invested $2,000,000 in preferred stock of Winchester Industries, Inc. Martin LeBus, acting as Tonka's Treasurer and Chief Financial Officer, made the investment and conducted Winchester's affairs. Air Freight Express, which acquired the Luthis' stock, was a wholly owned subsidiary of Winchester. LeBus and Winchester established Air Freight Express solely for the purpose of acquiring the Luthis' stock.

**1230**

The Luthis brought this RICO action seeking damages exclusively from Tonka solely on the basis of vicarious liability. They assert that Tonka is liable because LeBus allegedly served as an agent for Tonka, acting within the scope of his authority, when the corporations controlled by LeBus acquired the Luthis' stock. In addition, the Luthis contend that Tonka's $2,000,000 investment in Winchester facilitated the purchase of their stock and that Tonka expected to profit from its investment. Accordingly, the Luthis argue that Tonka is vicariously liable under the RICO Act for LeBus' activities.

We decline to apply the doctrine of *respondeat superior* to the Luthis' RICO claims. In reaching this conclusion, we rely on the only circuit court decision to rule on this issue directly. *Schofield v. First Commodity Corp.*, 793 F.2d 28, 32–33 (1st Cir.1986). In *Schofield,* the First Circuit determined that corporations will not be liable under RICO based solely on the *respondeat superior* doctrine. *Id.* The court drew its conclusion from the RICO Act's statutory language and stated:

> The premise of *respondeat superior* is that one who is without fault may be held vicariously liable for the wrongdoing of another. W. Prosser, *Law of Torts* 458 (4th ed. 1971). As our previous discussion of direct liability reveals, we think the concept of vicarious liability is directly at odds with the Congressional intent behind section 1962(c). Both the language of that subsection and the articulated primary motivation behind RICO show that Congress intended to separate the enterprise from the criminal "person" or "persons". Indeed, there is unlikely to be a situation, in the absence of an express statement, in which Congress more clearly indicates that *respondeat superior* is contrary to its intent.

*Id.* at 32. We agree with the application of that analysis here, particularly where the pleadings indicate that the principal (Tonka) was a victim of the individual's (LeBus') activities.[1] *See Haroco v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 401 (7th Cir.1984), *affirmed per curiam,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).

Accordingly, we affirm the district court's dismissal with prejudice of the Luthis' RICO claim against Tonka. During oral argument, counsel for the Luthis urged that should we affirm, that we modify the dismissal from "with prejudice" to "without prejudice." We deem such change unnecessary here because the Luthis' complaint asserted only claims under RICO.

In affirming the dismissal with prejudice, we intend this opinion to bar any RICO claims by the Luthis, but not to operate as a bar against any state law claims arising out of the transactions asserted in the complaint.

1. In *Schofield,* the plaintiff urged a modified version of vicarious liability with some level of scienter required. *Id.* at 33. The First Circuit rejected that argument. Here, the complaint lacks any allegation that LeBus served the corporate policies of Tonka in transacting business with the Luthis. Indeed, as noted, Tonka merely invested in Winchester and was twice removed from Air Freight Express, the corporation that purchased the Luthis' stock.