## In re GAS RECLAMATION, INC. SECURITIES LITIGATION.

### MDL No. 665 (LBS).

United States District Court, S.D. New York.

July 17, 1987.

**1124**

Sylvor, Schneer, Gold & Morelli, New York City (Richard L. Gold and Iris S. Richman, of counsel), for Abish Investors.

Cahill, Gordon & Reindel, New York City (George Wailand and Kevin J. McKenna, of counsel), for Peat, Marwick, Mitchell & Co.

### OPINION

SAND, District Judge.

In the Opinion rendered April 9, 1987 in this case, the Court expressed "serious doubts" as to whether the Abish Investors' civil RICO claim against defendant Peat Marwick meets the causation requirements set forth in section 1964(c) of the RICO statute, 18 U.S.C. § 1964(c). *See In Re: Gas Reclamation, Inc. Securities Litigation*, 659 F.Supp. 493, 518 (1987), familiarity with which is assumed. Finding that the issue of causation had not been adequately addressed in the original submissions, we invited further briefing and reserved decision on Peat Marwick's motion to dismiss. For the reasons stated, we hold that the Amended Consolidated Complaint fails to meet the requirements of section 1964(c) and, therefore, grant Peat Marwick's motion to dismiss.

### Discussion

The civil remedies provision of RICO, 18 U.S.C. 1964(c) states that:

Any person injured in his business or property, *by reason of* a violation of section 1962 of this chapter may sue therefor in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee (Emphasis added).

The Abish Investors' RICO claim against Peat Marwick is based on Peat Marwick's violation of Section 1962(c) of the statute, which provides that:

It shall be unlawful for any person employed by or associated with any enterprise engaged in or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity....

The core issue presented here is the relationship between these two statutory provisions—that is, whether the Amended Consolidated Complaint sufficiently alleges that the Abish Investors sustained a cognizable injury "by reason of" the alleged participation of the defendant in question in "the conduct of [the] enterprise's affairs through a pattern of racketeering activity...."

It cannot be disputed that section 1964(c) imposes a causation threshhold which a civil RICO complaint must satisfy to survive a motion to dismiss. Although

there is no requirement that a civil RICO plaintiff plead and prove the existence of a distinct form of "racketeering injury," *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985), the RICO plaintiff who alleges that a defendant has violated section 1962(c) must be able to demonstrate that the defendant's alleged pattern of predicate acts caused him to suffer an injury to his business or property.

As the Supreme Court said in *Sedima*, 473 U.S. at 496–97, 105 S.Ct. at 3285–86, illuminating the causation requirement:

> [T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation. As the Seventh Circuit has stated, '[a] defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured,' *Haroco, Inc. v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384, 398, (7th Cir.1984, aff'd 473 U.S. 606 [105 S.Ct. 3291, 87 L.Ed.2d 437] (1985)).

The *Sedima* Court pointedly stated that, "[a]ny recoverable damages occurring by reason of violation of section 1962(c) will flow from the commission of the predicate acts." *Id.* Stated another way, "[t]he compensable injury necessarily is the harm caused by the predicate acts." *Id.* at 497, 105 S.Ct. at 3286.

RICO's causation requirement was recognized and treated fully in the Seventh Circuit decision in *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384 (7th Cir.1984), aff'd 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985) (per curiam), cited with approval, as we have just noted, in *Sedima*. In *Haroco*, the Court of Appeals held the RICO plaintiff must plead and prove "injury to business or property resulting from the underlying acts of racketeering," 747 F.2d at 398. Construing section 1964(c) of the statute, the *Haroco* Court observed:

> As we read this 'by reason of' language, it simply imposes a proximate

cause requirement on plaintiffs. The criminal conduct in violation of section 1962 must, directly or indirectly, have injured the plaintiff's business or property. A defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured. This causation requirement might not be subtle, elegant or imaginative, but we believe it is based on a straightforward reading of the statute as Congress intended it to be read.

■ RICO's causation requirement is, as the Supreme Court observed, an aspect of standing. Where the RICO plaintiff fails to plead the requisite causal nexus between the alleged injury and the defendant's alleged predicate acts, standing is lacking. *See, e.g., Zerman v. E.F. Hutton & Co.*, 628 F.Supp. 1509, 1512, (S.D.N.Y.1986) ("plaintiff only has (RICO) standing to recover to the extent that he has been injured by the conduct" constituting the predicate acts); *T & S Commodities, Inc. v. Becharas Brothers Coffee Co.*, 86 Civ. 0070, slip op. at 3, (Oct. 6, 1986) [Available on WESTLAW, DCT database] (Given failure to allege "pecuniary harm to [counterclaimants] from [predicate] acts," counterclaimants "clearly lack standing to raise these acts in a RICO claim"); *Diamond v. Reynolds*, RICO Business Disputes Guide (CCH) ¶ 6369, (D.Del. Jan. 13, 1986) [Available on WESTLAW, DCT database] (Due to "weakness" of "causal nexus" between defendant's alleged acts of mail fraud and plaintiff's purported injury, RICO action dismissed).

■ The sole predicate acts relevant in this case are alleged acts of mail and wire fraud committed in connection with the transmission of engagement letters from Peat Marwick to defendant Gas Reclamation, Inc. *See* Amended Consolidated Complaint, paragraph 110C (i), (ii), and (iii). The connection between these mailings and the injury which the Abish Investors allegedly sustained is, at best, highly attenuated. That the Abish Investors claim that the alleged transmissions occurred concur-

rently with their purchase of Gas Reclamation Units does not save the allegations from dismissal. There is simply not a sufficient allegation in the pleadings that Peat Marwick's alleged commission of predicate acts proximately caused the loss. The Amended Consolidated Complaint fails to plead satisfactorily either that Peat Marwick's conduct induced the Abish Investors to invest or caused them to sustain a loss.

We have already ruled with respect to the securities claim that Peat Marwick's engagement letters were "too neutral and attenuated from the primary wrongs to give rise to an inference of proximate causation in substantial assistance." *In Re: Gas Reclamation, Inc. Securities Litigation,* at 505. Similarly, we hold that the Amended Consolidated Complaint fails to meet the civil RICO causation requirements.

The remaining matter to be resolved in connection with the motions to dismiss are brought by Peat Marwick, is Peat Marwick's claims, strenuously advanced, to an entitlement to Rule 11 damages. We have given that matter careful consideration, and the application for Rule 11 costs and sanctions is denied. Although we have dismissed the complaint against Peat Marwick, we recognize that we are dealing in an area of the law which is at best nebulous and rapidly evolving, and we believe that there has not been shown a sufficient predicate for the award of Rule 11 damages, and that aspect of the Peat Marwick motion is denied.

SO ORDERED.