Alfred LINGLE, Plaintiff,

v.

John ZIOLA; Rustic Design, Ltd., an Illinois corporation; Palos Bank and Trust Company, Individually; Palos Bank and Trust Company, as Trustee under Trust Agreement dated September 23, 1982, and known as Trust No. 1–1961; Palos Bank and Trust Company, as Trustee under Trust Agreement dated September 23, 1982, and known as Trust No. 1–1962; Palos Bank and Trust Company, as Trustee under Trust Agreement dated July 17, 1979, and known as Trust No. 1–1504; Palos Bank and Trust Company, as Trustee under Trust Agreement dated January 28, 1988, and known as Trust No. 1–2662; First State Bank and Trust Company of Palos Hills; Marvin A. Siensa, and George J. Paetow, Defendants.

No. 86 C 938.

United States District Court,
N.D. Illinois, E.D.

Dec. 7, 1988.

Howard Emmerman, Richard Huszagh, Rudnick and Wolfe, Chicago, Ill., for plaintiff.

Richard H. Kane, Kane, Worrell & Collins, Robert M. Brawley, Paul H. Strecker, Hanson & Shire, Harvey Waller, Thomas E. Gibbs, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Alfred Lingle has sued defendants John Ziola, Marvin Siensa, George Paetow, Rustic Design Ltd. ("Rustic"), and the Palos Bank and Trust ("the Bank"), among others, under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and numerous state statutory and common laws. He alleges that he was the victim of an unlawful scheme by the defendants in which he was fraudulently induced to invest in the development of certain condominium units, and that as a result of the scheme he lost approximately $500,000.

Defendants earlier moved to dismiss the complaint and the first amended complaint on the grounds that they had failed to adequately allege a "pattern of racketeering activity," as required to state a RICO claim, see 18 U.S.C. § 1962; Sedima, S.P. R.L. v. Imrex Corp., 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). This court granted both motion, ruling that although the complaints alleged multiple fraudulent acts, those acts all had a single victim (i.e., Mr. Lingle) and were designed to defraud that victim in a single transaction, and thus did not constitute a pattern for RICO purposes. See Lingle v. Ziola, No. 86 C 938, slip ops. (N.D.Ill. August 1, 1986 and January 14, 1988) [available on WESTLAW, 1986 WL 8740 and 1988 WL 4959]. The court also noted, without deciding, that plaintiff's allegations probably failed to adequately plead an enterprise distinct from the pattern of racketeering itself.

Plaintiff subsequently filed a second, and then a third amended complaint. In the latter, plaintiff has alleged that, prior to the fraudulent scheme against him, defendants engaged in a fraudulent scheme against another individual, Dr. Anthony Hatherly, the purpose of which was to induce Dr. Hatherly to forego foreclosing on his junior collateral security interest in the land on which the condominiums were to be built. Plaintiff has also added an allegation that defendants Ziola, Siensa, Paetow, Rustic and the Bank "were associates in fact and constituted an 'enterprise' within the meaning of 18 U.S.C. § 1961(4), the purpose of which enterprise was, among other things, development of Parcel C."

Defendants have moved to dismiss the two RICO claims—a substantive claim and a conspiracy claim—on three grounds: first, that the complaint still fails to allege a "pattern of racketeering activity;" second, that the complaint does not sufficiently plead a distinct RICO enterprise; and third, that the allegations of a RICO conspiracy are conclusory inasmuch as they lack any reference to an agreement to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.

Defendants' first argument simply ignores the additional allegations of the third amended complaint. Although defendants insist that the complaint still alleges a single victim and a single criminal episode, even a cursory reading of the pleadings reveals that the allegations regarding the scheme to defraud Dr. Hatherly add an entirely new, and critically important, element to this case. Dr. Hatherly was, allegedly, a second victim of defendants' fraudulent conduct, and suffered a distinct injury from that of Mr. Lingle. With Dr. Hatherly's entrance into the case, plaintiff has alleged a pattern of racketeering by the defendants which, if proven, will entitle him to recover under RICO. See 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of § 1962 may sue therefor...."); Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 810 (7th Cir.1987) ("'separate acts of fraud on various separate parties' can constitute a 'pattern' under RICO") (quoting SJ Advanced Technology & Mfg. Corp. v. Junkunc, 627 F.Supp. 572, 577 (N.D.Ill.1986).

Defendants' second argument is only slightly better than the first. Although defendants correctly point out that plaintiff's allegations of an "association in fact" among Ziola, Siensa, Paetow, Rustic and the Bank are far from specific, the Seventh Circuit has indicated that whereas allegations of fraudulent acts must pleaded with Fed.R.Civ.P. 9(b) particularity in RICO cases, allegations as to the existence of an enterprise need only meet the notice-pleading standards of Rule 8. *See Haroco, Inc. v. American National Bank & Trust of Chicago,* 747 F.2d 384, 404–05 (7th Cir. 1984), *aff'd on other grounds,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *see also Otto v. Variable Annuity Life Insurance,* 814 F.2d 1127, 1136 (7th Cir. 1986); *United States v. Neapolitan,* 791 F.2d 489, 499–500 (7th Cir.1986). Accordingly, plaintiff's allegations that Ziola, Siensa, Paetow, Rustic and the Bank "were [an] associat[ion] in fact ... the purposes of which ... was, among other things, development of Parcel C" suffices to defeat defendants' motion on this score.

Defendants' third argument—that plaintiff has failed to adequately plead a RICO conspiracy—does prevail, however. In *Neapolitan,* the Seventh Circuit held that:

> [A] RICO conspiracy requires ... an agreement to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity. Under this approach it is ... necessary that the defendants agree to the commission of the two predicte acts on behalf of the conspiracy.
>
> \*      \*      \*      \*      \*      \*
>
> From a conceptual standpoint a conspiracy to violate RICO can be analyzed as composed of two agreements ...: an agreement to conduct or participate in the affairs of an enterprise and an agreement to the commission of at least two predicate acts.

*United States v. Neapolitan,* 791 F.2d at 499. Although not stated in so many words, it is obvious that where a plaintiff alleges more than two predicate acts, but alleges a conspiracy to commit only a sub-set of these predicate acts, the subset must itself constitute a pattern of racketeering activity in order to state a RICO conspiracy claim.

In this case, a liberal reading of the complaint indicates that defendants conspired to engage in the fraudulent scheme against Dr. Hatherly, and conspired again to commit the fraud against plaintiff. Nothing in the complaint, however, justifies an inference that, prior to the Hatherly scheme, the defendants agreed to do anything more than defraud Dr. Hatherly of his junior collateral security interest. The fact that they later agreed to the commission of predicate acts against plaintiff as well does not make these distinct predicate acts part of the same overall conspiracy as those against the doctor. And since the only RICO pattern here is comprised of both the acts against Dr. Hatherly as well as those against Mr. Lingle, plaintiff has failed to adequately allege a RICO conspiracy.

## CONCLUSION

Defendants' motion to dismiss the substantive RICO claim (Count VI) are denied. Their motions to dismiss the RICO conspiracy claim (Count VII) are granted. Count VII is dismissed with prejudice.