**COLLECTIVE FEDERAL SAVINGS**

v.

**Ivy CREEL, Jr., et al.**

**Civ. A. No. 89–220–B.**

United States District Court, M.D. Louisiana.

Sept. 18, 1990.

William L. Downing, Baton Rouge, La., for plaintiff.

Stephen W. Glusman, Baton Rouge, La., John V. Baus, Jr., Trial Atty., Donald A. Hammett, Blue, Williams & Buckley, Metairie, La., John C. Miller, Trial Atty., Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, La., for defendants.

### RULING ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

POLOZOLA, District Judge.

Collective Federal Savings Bank (Collective)[1] is seeking damages under 18 U.S.C. § 1962(c) and 1962(d), alleging that various defendants engaged in a fraudulent scheme to cause Collective to extend real estate loans to various parties. Named as one of the defendants in this case was Glusman, Moore, Wilkinson, Arbour, Broyles and Glusman (GMW), a law firm that handled the closings of the loans.

Collective alleges that GMW is vicariously liable for the actions of·one to its general partners, T. Barry Wilkinson, the attorney who actually closed the real estate loans. Wilkinson has entered a guilty plea in connection with this case and has been sentenced to prison. This matter is now before the Court on a motion for judgment on the pleadings.[2] The basis of GMW's

---

1. Collective is the successor of Collective Federal Savings and Loan Association by name change effective October 24, 1986.

2. Fed.R.Civ.P. 12(c).

motion is that the RICO statutes do not provide for vicarious liability. Rule 12(c) of the Federal Rules of Civil Procedure allows any party to move for a judgment on the pleadings after the final pleadings are filed but not to delay the trial. For GMW to prevail in its motion, the pleadings must demonstrate that there are no genuine issues of material fact.[3] GMW also alleges that the plaintiff's RICO action must be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Collective's complaint alleges that GMW's liability is purely vicarious and based upon the doctrine of *respondeat superior* for the actions of defendant Wilkinson.[4] The complaint states:

> Plaintiff [Collective] specifically does *not* allege that defendant GMW or any partner of that partnership other than Wilkinson committed any dishonest, fraudulent or malicious act, error, omission or personal injury with deliberate purpose and intent in any matters which are the subject of this Complaint.[5]

Therefore, the issue now before the Court is whether Congress intended for vicarious liability to be applicable to civil RICO cases involving 18 U.S.C. § 1962(c) and 1962(d).

### 18 U.S.C. § 1962(c)

Section 1962(c) provides that it is unlawful for "any person employed by or associated with any enterprise engaged in" interstate commerce to conduct the "enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." To fall under § 1962(c) the "enterprise" and the RICO "person" must be distinct.[6] The Fifth Circuit Court of Appeals has found the basis for this distinction is contained in the language of § 1962(c) dealing with a "person employed by or associated with any enterprise." Thus, the Fifth Circuit has concluded that Congress intended the RICO person and the enterprise be separate entities.[7]

■ It is this concept of "distinctiveness" that prevents the doctrine of *respondeat superior* from applying to § 1962(c). In *Landry*, the Fifth Circuit stated it is "incongruous" that the separate "enterprise" could be held vicariously liable for the actions of the RICO "person."[8] The court found vicarious liability or *respondeat superior* is contrary to Congressional intent as it would circumvent the language and thrust of the statute.[9] Further, the notion of vicarious liability under § 1962(c) has been rejected by the majority of the courts based on the "distinctiveness" rational.[10]

■ Based on the pleadings, GMW asserts that it qualifies as a distinctive "enterprise" under § 1962(c). Collective contends that it has not alleged an "enterprise" in this case. Collective's argument is without merit. The RICO Case Statement, which the plaintiff filed pursuant to the Court's standing order, provides enough allegations and identification of

---

**3.** Rule 12(c) further provides that "[i]f, on the motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."

**4.** CA 89–220–B document 1 filed March 23, 1989, at 6–7.

**5.** *Id.* at 7, paragraph 17.

**6.** *Landry v. Air Line Pilots Association International AFL–CIO,* 901 F.2d 404, 425 (5th Cir.1990) (withdrawn from original publication at 892 F.2d 1238 and republished); *Bishop v. Corbitt Marine Ways, Inc.,* 802 F.2d 122, 123 (5th Cir. 1986); *First National Bank of Louisville v. Lustig,* 727 F.Supp. 276, 280 (E.D.La.1989).

**7.** *Landry, supra.*

**8.** 901 F.2d at 425.

**9.** *Id.; see also First National Bank of Louisville,* 727 F.Supp. at 280 (*"respondeat superior* does not apply to causes of action arising under § 1962(c)").

**10.** *See, e.g., Schofield v. First Commodity Corp. of Boston,* 793 F.2d 28 (1st Cir.1986); *Luthi v. Tonka Corp.,* 815 F.2d 1229 (8th Cir.1987); *D & S Auto Parts, Inc. v. Schwartz,* 838 F.2d 964 (7th Cir.), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2833, 100 L.Ed.2d 933 (1988).

parties to allege that a RICO "enterprise exists."[11] Collective also argues that if there is an "enterprise" GMW is not a distinctive "enterprise" from Wilkinson and is vicariously liable under § 1962(c). Collective relies on *Petro–Tech, Inc. v. Western Company of North America*, 824 F.2d 1349 (3d Cir.1987), despite Fifth Circuit jurisprudence to the contrary.[12] The Third Circuit did allow an exception to the prohibition against vicarious liability with § 1962(c) when an association is an "enterprise," yet has benefited from the activities of the RICO "person."[13] The Third Circuit found this exception was not inconsistent with the Congressional intent of § 1962(c). It is clear that only the Third Circuit has adopted this exception. No other circuit has allowed this exception, including the Fifth Circuit, choosing instead to follow the approach stated in *Schofield, supra*, and *Landry, supra:* (1) determine whether the RICO "person" and "enterprise" are "distinctive" and separate entities; (2) if so, the "enterprise" cannot be vicariously liable under § 1962(c). This Court believes this is the proper analysis and interpretation of the statute.

Collective's reliance on *Petro–Tech* is misplaced and without merit. The allegations in the pleadings are sufficient to satisfy the Court that GMW is an "enterprise" and that GMW is a distinctive "enterprise" from the Wilkinson, the RICO "person." Therefore, following the Fifth Circuit's interpretation of the statute in *Landry*, GMW cannot be vicariously liable under 18 U.S.C. § 1962(c). Even assuming that the *Petro–Tech* exception is a valid interpretation of § 1962(c), it would not be applicable under the facts of this case. The purpose of RICO statutes is to reach the racketeer, not the victims.[14] Therefore, it is necessary to distinguish between an "enterprise" that actively violated the statutes and an "enterprise" whose disloyal employee or partner violated the statutes on his own. Unless active participation is shown, the "enterprise" is a "passive instrument" and not subject to RICO damages or liability. Under *Petro–Tech* it is necessary to show that the enterprise is an actively participating "enterprise" to fall within the exception. While GMW may have financially benefited from the fees and other income associated with the closings of the loans by Wilkinson, this alone fails to demonstrate to the satisfaction of the Court that GMW was an active participant with Wilkinson. Therefore, even if the exception of *Petro–Tech* is valid, which is seriously questioned by the Court, GMW would not come within this exception under the facts of this case.

## 18 U.S.C. § 1962(d)

Collective has also alleged that GMW vicariously conspired to violate 18 U.S.C. § 1962(c), creating liability under § 1962(d).[15] This allegation is without merit. The conspiracy under § 1962(d) requires a violation of § 1962(c), together with evidence of an act in furtherance of the conspiracy.[16] Since the Court has found that GMW cannot be vicariously liability under § 1962(c), it cannot be vicariously liable under § 1962(d).

## CONCLUSION

The Court finds that the motion of GMW for judgment on the pleadings is GRANTED.

IT IS FURTHER ORDERED that plaintiff's causes of action arising under 18

---

11. *See First National Bank of Louisville*, 727 F.Supp. at 282.

12. *See* note 6.

13. 824 F.2d at 1361–62.

14. *Petro–Tech*, 824 F.2d at 1359; *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384, 401–02 (7th Cir.1984); *see Landry*, 901 F.2d at 425 (the Fifth Circuit adopted the rationale of the Seventh Circuit in *Haroco* in this regard);

*First National Bank of Louisville*, 727 F.Supp. at 280–81.

15. 18 U.S.C. § 1962(d) provides:
    It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

16. *See United States v. Elliot*, 571 F.2d 880 (5th Cir.), *cert. denied sub nom. Hawkins v. United States*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978).

U.S.C. § 1962(c) and 1962(d) against GMW
be DISMISSED without prejudice.