[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6163

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00158-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GOLDIN INDUSTRIES, INC.,
GOLDIN OF ALABAMA INC., et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

**(June 29, 2000)**

Before ANDERSON, TJOFLAT, EDMONDSON, COX, BIRCH, DUBINA,
BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.

BARKETT, Circuit Judge:

Goldin Industries, Inc. ("Goldin Mississippi"[1]), Goldin of Alabama, Inc. ("Goldin Alabama"), and Goldin Industries Louisiana, Inc. ("Goldin Louisiana") (collectively "the Goldin Corporations"), appeal their convictions for racketeering activities in violation of the Racketeer Influenced and Corrupt Organizations Statute ("RICO"), 18 U.S.C. § 1962(c), and conspiracy to engage in such activities in violation of RICO § 1962(d).  The Goldin Corporations also appeal from the Final Judgment of Forfeiture and Order mandating restitution under 18 U.S.C. § 1963(a)(1) and (a)(3) of all proceeds obtained from the racketeering activity.

The indictment against the Goldin Corporations under § 1962(c) alleges an "enterprise as defined in Title 18, U.S.C. § 1961(4), consisting of Martin C. Goldin, Steven L. Goldin, Jack Goldin, Goldin-Mississippi, Goldin-Alabama, Goldin-Louisiana, Alan H. Goldin" and others.  It further names the same parties, except for Alan H. Goldin, as "persons employed by and associated with the enterprise as described above. . . ."  The individual defendants were acquitted.

On appeal, the Goldin Corporations first argue that the RICO convictions must be reversed because the unambiguous language of § 1962(c) requires that the RICO "person" prosecuted under the statute be separate and distinct from the RICO

---

[1] Throughout the indictment and in proceedings in the District Court, Goldin Industries, Inc. is referred to as Goldin Mississippi.  In order to avoid confusion, we also refer to that corporation as Goldin Mississippi.

"enterprise" which has its affairs conducted through a pattern of racketeering activity. The Goldin Corporations make this argument notwithstanding a prior opinion of this court holding to the contrary. United States v. Hartley, 678 F.2d 961, 988 (11th Cir. 1982). Both parties conceded in their briefs and at oral argument that this argument is foreclosed if Hartley has continued viability. The Goldin Corporations argue that Hartley was wrongly decided and should be revisited. Because a panel of this court cannot reconsider a decision of another panel,[2] we now reconsider United States v. Hartley en banc.

## DISCUSSION

18 U.S.C. § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In Hartley, as the first appellate court to address this question, this Court held that a corporation may be simultaneously named as a liable "person" and as the "enterprise" in § 1962(c) actions. After Hartley was decided, every other circuit had the

---

[2] See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("It is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

opportunity to address the question and unanimously held, contrary to <u>Hartley</u>, that the defendant named in a § 1962(c) indictment must be separate and distinct from the "enterprise" named therein.  See <u>Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639</u>, 883 F.2d 132 (D.C. Cir. 1989), <u>rev'd in part on other grounds</u>, 919 F.2d 948 (D.C. Cir. 1990) (<u>en banc</u>); <u>Puckett v. Tenn. Eastman Co.</u>, 889 F.2d 1481 (6th Cir. 1989); <u>Garbade v. Great Divide Mining and Milling Corp.</u>, 831 F.2d 212 (10th Cir. 1987); <u>Bishop v. Corbitt Marine Ways, Inc.</u>, 802 F.2d 122 (5th Cir. 1986); <u>Schofield v. First Commodity Corp.</u>, 793 F.2d 28 (1st Cir. 1986); <u>Bennett v. United States Trust Co. of New York</u>, 770 F.2d 308 (2nd Cir. 1985); <u>B.F. Hirsch v. Enright Refining Co., Inc.</u>, 751 F.2d 628 (3rd Cir. 1984); <u>Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago</u>,  747 F.2d 384 (7th Cir. 1984), <u>aff'd on other grounds</u>, 473 U.S. 606 (1985);  <u>Rae v. Union Bank</u>, 725 F.2d 478 (9th Cir. 1984); <u>United States v. Computer Sciences Corp.</u>, 689 F.2d 1181 (4th Cir. 1982), <u>overruled in part</u>, <u>Busby v. Crown Supply, Inc.</u>, 896 F.2d 833 (4th Cir. 1990) (the Fourth Circuit, deciding this issue <u>en banc</u>, upheld <u>Computer Sciences</u>' holding with regard to § 1962(c) but overruled <u>Computer Sciences</u>' similar finding that an indictment under § 1962(a) requires that the RICO defendant be separate and distinct from the RICO enterprise); <u>Bennett v. Berg</u>, 685 F.2d 1053 (8th Cir. 1982).

These courts have reasoned that the plain language of § 1962(c) envisions two separate entities, which comports with legislative intent and policy. The rule adopted by our sister circuits reflects Congress' intention in § 1962(c) to target a specific variety of criminal activity, "the exploitation and appropriation of legitimate businesses by corrupt individuals." Yellow Bus Lines, 883 F.3d at 139 (citing S. Rep. No. 617, 91st Cong., 1st Sess. 76-78 (1969), U.S. Code Cong. & Admin News 1970, p. 4007). The distinction between the RICO person and the RICO enterprise is necessary because the enterprise itself can be a passive instrument or victim of the racketeering activity. See Bennett, 770 F.2d at 315 ("Such a distinction focuses the section on the culpable party and recognizes that the enterprise itself is often a passive instrument or victim of the racketeering activity.").

On appeal, the Goldin Corporations argued that Hartley should be reconsidered by the en banc court and reversed. The government asserts that we cannot consider this argument because Goldin's objection to the indictment was raised for the first time on appeal. However, whether a statute prohibits the charged conduct may be considered de novo even if the issue is raised for the first time on appeal. See United States v. Tomeny, 144 F.3d 749, 750 (11th Cir. 1998).

After oral argument before a panel of this court, the parties were requested to file briefs solely on the issue of whether Hartley was correctly decided. In its

supplemental brief, the Government concedes that Hartley was wrongly decided. We now agree with our sister circuits that, for the purposes of 18 U.S.C. § 1962(c), the indictment must name a RICO person distinct from the RICO enterprise. The plain language of the statute requires that the entities be distinct. Having decided that United States v. Hartley is no longer the law of this Circuit, we remand to the original panel in this case all other matters to be resolved in this appeal.

REMANDED TO THE PANEL.