**D & S AUTO PARTS, INC.,
Plaintiff–Appellant,**

v.

**Sheldon SCHWARTZ, et al.,
Defendants–Appellees.**

**No. 86–3140.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 17, 1987.
Decided Feb. 4, 1988.

Mason D. Sullivan, Chicago, Ill., for plaintiff-appellant.

James R. Vogler, Winston & Strawn, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, COFFEY, Circuit Judge, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

D & S Auto Parts (D & S), a retail auto parts dealer, purchased wholesale auto parts from defendant A.P. Walter Company, Inc. (Walter). Defendant Bernard Saul was the Walter salesperson assigned to the D & S account. Each week, Saul took inventory at the D & S warehouse and phoned in an order to Walter for needed parts. After delivery by common carrier, Walter mailed invoices to D & S, which D & S paid upon receipt.

In February 1982, D & S discovered that since July 1976, it had paid $155,445.20 for parts it never ordered or received. Saul had been taking parts from the Walter warehouse, ostensibly for delivery to D & S, and billing D & S for the parts. He actually sold and delivered the parts to defendants Sibley–Halsted Auto Parts, Ronald Duntz, David Much, and Robert Miller.

D & S's attorney promptly contacted Sheldon Schwartz, the president and principal owner of Walter. Upon hearing of the fraudulent invoices, Schwartz hired a private investigator. Following an investigation, Schwartz terminated Saul and informed the State's Attorney of Saul's activities. Saul, Much, and Duntz were indicted in October 1982. In February 1983, they were convicted of theft but acquitted of conspiracy.

D & S brought this action under 18 U.S. C. § 1961 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act (RICO) on August 25, 1982, against Saul, Walter, and Schwartz. The complaint was stricken pursuant to Rule 11, presumably because D & S's attorney did not sign it. D & S filed its first amended complaint on August 1, 1983, which was dismissed for failure to state a claim under RICO. The second amended complaint, filed December 1, 1983, was partially dismissed. D & S moved to amend the complaint, adding additional parties. On August 9, 1984, it filed a third amended complaint, naming for the first time defendants Ronald Duntz, David Much, Sibley–Halsted Auto Parts, and Austin Auto Parts. On January 22, 1985, D & S substituted defendant Robert Miller for Austin Auto Parts.

On September 10, 1984, the court dismissed all claims against Walter. On September 3, 1985, the court entered summary judgment in favor of Sheldon Schwartz on all counts. On August 29, 1986, the court granted summary judgment in favor of all defendants added in the third amended complaint, holding that the claims were untimely under Illinois' two-year statute of limitations for injuries to business or property.

The court entered final judgment under Rule 54(b) on November 21, 1986, as to the orders of September 10, 1984, September 3, 1985, and August 29, 1986.[1] D & S appeals that final judgment.

---

1. On August 31, 1987, pursuant to agreement of the parties, this appeal was dismissed as to appellee Robert Miller.

■ Appellant first argues that the district court erred in dismissing the claims against defendants named in the third amended complaint.[2] Appellant contends that the court should have applied a five-year rather than a two-year statute of limitations. Neither statute applies. Since the filing of briefs in this appeal, the Supreme Court has determined that the Clayton Act's four-year statute of limitations applies to all civil RICO actions.[3] *Agency Holding Corporation v. Malley–Duff & Associates, Inc.,* — U.S. —, 107 S.Ct. 2759, 2767, 97 L.Ed.2d 121 (1987). The third amended complaint, filed August 9, 1984, was timely with respect to this cause of action, which arose in February 1982. Thus the district court's dismissal of the claims must be reversed.

The second issue arises in the RICO claims against Walter and Schwartz. Appellant asserts that the district court erred in dismissing its claim against Walter and granting summary judgment in favor of Schwartz because Saul's wrongdoing renders the corporation and Schwartz vicariously liable under RICO § 1962.

In arguing for liability, appellant does not distinguish between the employer corporation, Walter, and its president and owner, Schwartz. Appellant fails to advance any argument for "piercing the corporate veil," and instead simply conflates the issues of Walter's and Schwartz' potential liability. Absent any argument for disregarding the corporate status and imposing personal liability on its officer-shareholder, the district court correctly held that Schwartz is not personally obligated for any corporate liability. *See Van Dorn Co. v. Future Chemical and Oil Corp.,* 753 F.2d 565, 570–71 (7th Cir.1985).

■ Appellant bases its argument for Walter's liability on the principle of *respondeat superior.* Apparently conceding that the corporation was not involved in the fraudulent scheme, appellant asserts only that Walter is vicariously liable for the acts of Saul, its agent. This court has not directly addressed the question of whether an employer may be held vicariously liable under RICO.

Two sections of RICO are relevant to this analysis. Section 1962(a) provides:

It shall be unlawful for any person who received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Section 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt.

While the Seventh Circuit has not explicitly held that *respondeat superior* is not applicable to RICO, vicarious liability is inconsistent with this court's approach to direct RICO liability. *See United States v. DiCaro,* 772 F.2d 1314 (7th Cir.1985); *Haroco v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384 (7th Cir.1984). The statute, as interpreted by this court, imposes liability only upon a corporation that is a perpetrator of a criminal scheme. *See Masi v. Ford City Bank and Trust Co.,* 779 F.2d 397 (7th Cir.1985); *DiCaro,* 772 F.2d at 1319; *Haroco,* 747 F.2d at 401–02.

---

**2.** The district court allowed the plaintiffs leave to dismiss voluntarily without prejudice its state law claims against all defendants except Walter and Schwartz.

**3.** Prior to the holding in *Agency Holding Corp.,* there was no single statute of limitations for civil RICO. Instead, courts were to select analogous state or federal statutes of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The *Agency* decision was based in part upon the need for a uniform rule determining the timeliness of RICO actions. *Agency,* 107 S.Ct. at 2767.

*Haroco* analyzed the statute as follows.[4] The statute's definition of "person" includes "any corporation." 18 U.S.C. § 1961. Section 1962(c) applies to a "person" *associated with or employed by* a criminal enterprise. Nevertheless, only the individual, not the enterprise, is liable under subsection (c), because an enterprise cannot associate with or be employed by itself. *Haroco,* 747 F.2d at 401–02. Subsection (c) requires that the liable person and the enterprise be separate entities. *Id.* at 400. If it perpetrates illegal conduct, a corporation-enterprise can be sanctioned under § 1962(a), which, unlike subsection (c), contains no language indicating that the enterprise itself cannot be a liable "person." *Id.* at 402; *DiCaro,* 772 F.2d at 1319. This formulation of the statute is designed to impose liability upon a corporation which is a perpetrator of illegal activity but not upon an unwitting conduit of its employees' RICO violations. *Haroco,* 747 F.2d at 401. In *Haroco,* the court stated:

> [T]he enterprise may play the various roles of victim, prize, instrument or perpetrator. The RICO liability of the enterprise should depend on the role played.... the corporate enterprise should be liable where it is the perpetrator, or the central figure in the criminal scheme.... the corporation-enterprise should not be liable when the corporation is itself the victim or target, or merely the passive instrument for the wrongdoing of others.

*Id.* at 401.

■ *Haroco* implicitly rejects the possibility of vicarious liability by making some participation in the criminal scheme a necessary element of liability for the corporation-enterprise. *Id.* at 401. *Respondeat superior*'s premise is liability without fault, a concept inconsistent with the language of § 1962(c) as interpreted by this court. Imposing vicarious liability would defeat the purpose of RICO, "which, after all, is to reach those who ultimately profit from racketeering, not those who are victimized by it." *Id.* at 402.

*Haroco*'s analysis is consistent with the requirements for *respondeat superior* liability. *See In re Olympia Brewing Co. Securities Litigation,* No. 77 C 1206, slip op. at 23 (N.D.Ill. December 18, 1984) [Available on WESTLAW, 1984 WL 2140]. An employer may be vicariously liable only for employee action taken within the scope of employment, that is, with intent to benefit the employer. *United States v. Cincotta,* 689 F.2d 238, 240–41 (1st Cir.), *cert. denied,* 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982). An employee violating RICO without his employer's knowledge is highly unlikely to be acting for his employer's benefit. *See Olympia Brewing,* slip op. at 24 ("When the racketeering activity constitutes a fraud on or otherwise injures the corporation sought to be held liable, it is quite likely that the elements of *respondeat superior* will not be shown"). The instant case illustrates this point. Appellant contends that Saul intended to benefit his employer, as his scheme included payments to Walter. Although Walter did receive the funds and presumably used them in its operations, it did so unwittingly. Walter was a victim, not a perpetrator. Saul stole the parts from Walter for his own profit in selling them to third parties, leaving Walter with falsified invoices, which, although paid, subjected Walter to suit as soon as D & S discovered the scheme. Sending invoices to D & S cannot be characterized as an action intended to benefit Walter. Saul more likely intended to benefit himself by covering up his theft.

The case of the principal-victim has been troublesome for courts inclined to impose vicarious liability. For example, *Olympia Brewing* held that the normal doctrines of corporate liability apply under RICO, but noted that the *respondeat superior* requirement of benefit to the principal would likely not be met in individual cases. *Olympia Brewing,* slip op. at 24.[5]

---

4. The court in *Haroco* followed the reasoning of *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1190–91 (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953

(1983); and *Parnes v. Heinold Commodities, Inc.,* 548 F.Supp. 20, 23–24 (N.D.Ill.1982).

5. In *Schofield v. First Commodity Corp. of Boston,* 793 F.2d 28, 33 (1st Cir.1986), plaintiffs

Courts imposing vicarious liability have based their conclusions upon a principle inconsistent with this court's holdings in *Haroco* and *DiCaro*. Appellant here cites *American Society of Mechanical Engineers v. Hydrolevel Corp.*, 456 U.S. 556, 569, 102 S.Ct. 1935, 1944, 72 L.Ed.2d 330 (1982) (imposing vicarious liability for antitrust violations) for the proposition that the general rules of agency law apply absent Congressional intent to the contrary. Another court has cited *Hydrolevel* in imposing vicarious RICO liability. *Bernstein v. IDT Corp.*, 582 F.Supp. 1079, 1083 (D.Del. 1984). This rule, however, is not applicable to RICO, which does indicate Congressional intent to create an exception to the general rule of *respondeat superior*. *See Haroco*, 747 F.2d at 401–02; *DiCaro*, 772 F.2d at 1319; *Parnes v. Heinold Commodities*, 548 F.Supp. 20, 23–24 (N.D.Ill.1982). In rejecting the argument advanced by appellant, the First Circuit stated, "Indeed, there is unlikely to be a situation, in the absence of an express statement, in which Congress more clearly indicates that *respondeat superior* is contrary to its intent." *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 32 (1st Cir.1986).

Other courts have interpreted § 1962 to rule out vicarious liability in civil RICO actions. The First Circuit followed the *Haroco* analysis of direct liability, concluding that vicarious liability was directly at odds with Congressional intent. *Schofield*, 793 F.2d at 32–33 ("We think it inappropriate to use *respondeat superior* to accomplish indirectly what we have concluded the statute directly denies"). The Eighth Circuit, citing *Schofield*, held that § 1962(c) was intended to foreclose vicarious liability, particularly where the principal is a victim of the agent's activities. *Luthi v. Tonka Corp.*, 815 F.2d 1229, 1230 (8th Cir.1987).

Because the reasoning of this court in *Haroco* indicates that vicarious liability is inappropriate in this context, we follow the First and Eighth Circuits in rejecting the doctrine of *respondeat superior* in civil RICO cases. The district court's dismissal of claims against Walter and grant of summary judgment to Schwartz are affirmed. The order dismissing claims against the defendants named in the third amended complaint is reversed and the claims remanded for further proceedings consistent with this opinion.[6]

---

argued for modified *respondeat superior* liability, imposed when the corruption is at such a high level that it may be deemed corporate policy to promote or engage in illegal conduct. As the *Schofield* court pointed out, this is an argument for direct rather than vicarious liability. 793 F.2d at 33. In such a situation, the corporation itself would be subject to suit under subsection (a). *See DiCaro*, 772 F.2d at 1319–20; *Haroco*, 747 F.2d at 401. *Parnes* also suggests a distinction between low-level and high-level misconduct, approving liability (under § 1962(a)) only in the latter case. 548 F.Supp. at 24.

6. Further district court proceedings presumably will include reconsideration of pendent jurisdiction over the state law claims, which were dismissed without prejudice. *See United Mine Workers v. Gibb*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).