Hudson T. HARRISON, and Harrison Construction, Inc., a corporation, Plaintiffs,

v.

DEAN WITTER REYNOLDS, INC., a corporation; John M. Carpenter; and John G. Kenning, Defendants.

No. 86 C 8003.

United States District Court, N.D. Illinois, E.D.

Sept. 9, 1988.

***

**960**

Thomas P. Ward, Eugene H. Ruark, Chicago, Ill., for plaintiffs.

Paul B. Uhlenhop, Charles J. Risch, Jeffrey H. Fradkin, Christopher Stuart, Lawrence, Kamin, Saunders & Uhlenhop, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiffs Hudson T. Harrison and Harrison Construction, Inc. have sued Dean Witter Reynolds, Inc. ("Dean Witter") and two of its broker-dealers, John M. Carpenter and John G. Kenning ("the brokers"), in a twelve count[1] First Amended Complaint arising out of an alleged scheme to defraud over one hundred investors in municipal bonds. The complaint alleges violations of the Securities Exchange Act of 1934 ("the

Securities Exchange Act"), 15 U.S.C. § 78j, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and a number of state laws. Eight of the counts—the Securities Exchange Act, RICO and various state law claims—involve allegations of fraud. Dean Witter has moved to dismiss these eight ("the fraud counts") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

### The Fraud Counts

Dean Witter attacks all of the fraud counts on the grounds that they allege fraud but fail to state with particularity the fraudulent acts of which Dean Witter as an entity, as opposed to the brokers individually, is accused. Yet, Dean Witter does not clearly articulate the basis for this argument.

On the one hand, it suggests that such specificity is mandatory because, absent proof of Dean Witter's fraudulent conduct, Dean Witter cannot be held liable; an agency theory, it seems to argue, would not suffice. On the other hand, it includes Count II in this attack despite the fact that Count II alleges violations of § 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a), and thus would not require proof that Dean Witter engaged in wrongdoing distinct from its employees before it could be held accountable. This suggests that Dean Witter's real problem with the fraud claims is that plaintiffs do not allege with sufficient clarity whether they rely solely on "vicarious" liability theories, or also on the specific wrongdoing of other Dean Witter officials.

 In any case, the general attack on the fraud counts cannot prevail. Although Dean Witter cites *Henricksen v. Henricksen*, 640 F.2d 880 (7th Cir.1981), for the proposition that its "vicarious" liability is limited to that provided by § 20(a), *Henricksen* actually held just the opposite: a broker-dealer firm is accountable under tra-

---

**1.** In their brief, plaintiffs say that they have "filed the First Amended Complaint containing *ten* counts." (Emphasis added.) This court counts twelve.

ditional common law agency theories for the wrongdoing of its broker-dealers, including violations of statutory and regulatory securities laws. *See generally* Jacobs, *Litigation and Practice Under Rule 10b–5* § 40.06. Thus, each of the fraud claims against the brokers state a claim against Dean Witter as well.

Furthermore, while the complaint is not a model of pleading clarity, it does provide Dean Witter with sufficient notice of the claims against which it must defend. At this stage of the litigation, it plaintiffs need not state with specificity the other Dean Witter officials involved in the (alleged) fraudulent scheme. *See generally* Note, "Pleading Securities Fraud With Particularity Under rule 9(b)," 97 Harv.L.R. 1432 (1984). Accordingly, Dean Witter's motion to dismiss all eight fraud counts will be denied.

### The RICO Counts

▉ Dean Witter's separate attacks on the two RICO counts do somewhat better. Counts III and IV allege violations of §§ 1962(c) and (a), respectively, by Dean Witter and the brokers. However, the Seventh Circuit has stated unequivocally that, at least with respect to § 1962(c), the enterprise must be separate and distinct from the person alleged to have violated the law. *Horaco, Inc. v. American National Bank & Trust of Chicago,* 747 F.2d 384 (7th Cir.1984), *aff'd on other grounds,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). Dean Witter is clearly not distinct from Dean Witter, and although plaintiffs try to avoid the ramification of this truism by alleging that the brokers and Dean Witter together constituted a separate "association in fact," they state no facts to support this conclusory allegation. *See Appley v. West,* 832 F.2d 1021, 1029 (7th Cir.1987); *Predki v. Heckler,* 622 F.Supp. 495 (N.D. Ill.1985). Accordingly, Dean Witter's motion to dismiss Count III will succeed.

▉ The § 1962(a) claim presents a more difficult problem. Although this section "does not require the existence of an enterprise separate and distinct from the person sought to be held liable," *Liquid Air Corp. v. Rogers,* 834 F.2d 1297, 1307 (7th Cir.

1987), it does require something more than an employer-employee relationship between an individual and the person-enterprise before the latter may be subjected to liability for the acts of the former.

Just what this "something more" is, however, remains unclear. Certainly, if the individual is a high ranking official of the person-enterprise, then the individual's wrongdoing *is* the wrongdoing of the person-enterprise, and the latter will be accountable for the acts of the former. *D & S Auto Parts, Inc. v. Schwartz,* 838 F.2d 964, 968 (7th Cir.1988) (citing *Schofield v. First Commodity Corp. of Boston,* 793 F.2d 28, 33 (1st Cir.1986)); *see also United States v. DiCaro,* 772 F.2d 1314, 1319–20 (7th Cir.1985). When lower level officers are involved, however, the picture clouds considerably.

In *Onesti v. Thomson McKinnon Securities, Inc.,* 1987 WL 5903 (N.D.Ill. Jan. 26, 1987), this court reasoned that the Seventh Circuit would likely reject vicarious liability —that is, corporate liability for the acts of lower echelon officers—in § 1962(a) claims, as it had expressly done for § 1962(c) in *Horaco, Inc. v. American National Bank & Trust of Chicago,* 747 F.2d 384 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). Indeed, this court stated that "the policy reasons for ruling that a passive corporation cannot be held liable under a respondeat superior theory are even stronger with respect to a § 1962(a) claim ... [since] § 1962(a) requires a plaintiff to plead and prove that defendant is liable as a 'principal'." *Onesti v. Thomson McKinnon Securities, Inc.,* 1987 WL 5903 at 3 (*citing Horaco, Inc. v. American National Bank & Trust of Chicago,* 747 F.2d at 402). Since *Onesti,* however, the Seventh Circuit has addressed the issue of vicarious liability under § 1962(a), and what it has said has compelled this court to re-examine its position.

In *Liquid Air Corp.,* the Seventh Circuit stated rather unequivocally that *"respondeat superior* is ... entirely appropriate under ... subsection (a) ... so long as [the person-enterprise] derived a benefit from the violations [of the individual defend-

ants]." 834 F.2d at 1297. Then, just two months later, a panel composed of two of the three *Liquid Air Corp.* judges, without mentioning that case, "reject[ed] the doctrine of *respondeat superior* in civil RICO cases." *D & S Auto Parts, Inc. v. Schwartz*, 838 F.2d 964, 968 (7th Cir.1988).

These cases inform—or more accurately, befog—the instant case. Whereas Dean Witter *could* serve as both a defendant and the enterprise under § 1962(a), were its high ranking officials involved in the (alleged) fraudulent scheme, it was noted above that plaintiffs have not specifically alleged any wrongdoers other than the brokers. Thus, if Dean Witter is to remain in this count, it may do so only under a respondeat superior theory.[2]

Were *Liquid Air Corp.* the controlling case, there would be little question of Dean Witter's potential culpability. Assuming plaintiffs can prove their allegations, Dean Witter received a good deal of money from the brokers' fraudulent scheme, and took no action to prevent such a scheme from taking place.

*D & S Auto Parts*, however, calls this result into question. If the case is to be taken at its word, then Dean Witter cannot be held liable unless plaintiffs can prove affirmative conduct on the part of high level management in furtherance of the scheme. *D & S Auto Parts, Inc. v. Schwartz*, 838 F.2d at 867 n. 5. As already discussed, such involvement has not been sufficiently pleaded here.

Nevertheless, a careful examination of the two cases suggests to this court that Dean Witter should remain in this court. Though some of the Court's statements in *D & S Auto Parts, Inc.* do suggest that it was rejecting vicarious liability under any of RICO's subsections, the narrow holding of the case is limited to situations in which

the corporation in unaware of its employees' wrongdoing. 838 F.2d at 967. That case does not directly address a situation such as that found in *Liquid Air Corp.*, in which the corporation, though not directly perpetrating the crimes, stood by silently while its employees conferred benefits upon it.

Indeed, the *D & S Auto Parts, Inc.* panel noted that traditionally "[a]n employer may be vicariously liable ... for employee action taken within the scope of employment, that is, with intent to benefit the employer." *Id.* And each of the cases it cited for the proposition that Congress had intended to override that traditional common law rule had limited their reading of Congressional intent to § 1962(c). *See, e.g., Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 33 (1st Cir.1986). Thus, if *D & S Auto Parts, Inc.* meant to reject all forms of vicarious liability under § 1962(a), it did so without mentioning a case from this circuit which it was necessarily overruling, and without citing a single case to support its position.

What's more, the policy motivating the *D & S Auto Parts* ruling, that vicarious liability under § 1962(a) is inappropriate where "the principal is a victim of the agent's activities," 838 F.2d at 968, is not inconsistent with *Liquid Air Corp.*'s imposition of liability on a principal which "derived a benefit from the violations [of its agent]." 834 F.2d at 1297. Although the *D & S Auto Parts* court noted that the corporate defendant in that case did receive some of the funds resulting from the illegal conduct of the individual perpetrator, it also pointed out that the fraudulent scheme occurred without any knowledge or acquiescence on the corporation's part.

In this case, by contrast, plaintiffs allege that Dean Witter hired the brokers knowing that they had previously been involved

---

2. In *Pandick v. Rooney*, 688 F.Supp. 1288 (N.D. Ill.1988), this court examined *Liquid Air Corp.* and *D & S Auto Parts, Inc.* and concluded that although a corporation-enterprise cannot be held liable under § 1962(a) when it functions solely as the "victim, prize or passive instrument of racketeering," *id.* (quoting *Horaco, Inc. v. American National Bank & Trust of Chicago*, 747 F.2d at 401), it can be held accountable for the

acts of its employees when those employees "intended to confer a benefit upon [the corporation], especially when the employees were acting with the corporation's knowledge." *Pandick v. Rooney*, 688 F.Supp. at 1290. However, because that case involved high level corporate officials, the court did not confront the apparent contradiction between *Liquid Air Corp.* and *D & S Auto Parts, Inc.* at issue here.

in unseamly affairs and then closed its eyes to their fraudulent scheme. This conduct might not suffice to render Dean Witter directly liable under RICO, but neither is it the sort of unwitting involvement in illegal conduct which the *D & S Auto Parts* panel found insufficient to invoke RICO's harsh sanctions. Accordingly, pending a clearer message from the Seventh Circuit that nothing short of direct corporate liability will suffice, the court believes that the § 1962(a) claim against Dean Witter should survive.

## CONCLUSION

Dean Witter's motion to dismiss is denied on Counts I, II, IV, VI–VII, IX and XII. The motion is granted on Count III.