Leland **THRAILKILL, Edith Dominguez, James Conway, Melissa Clerc, Cherolyn Work, Carmen Winters, f/k/a Carmen Bach, Eddie Mirabal, Larry J. Boylan, Yvonne S. Boylan, Ruben R. Romero, Emilia E. Romero, Elisa Trujillo, Deborah S. Olsen, Leslie Joanne Ambrose, Betty Joan Ambrose, Sharon Matthews, Timothy Thompson, Charles L. Edwards, Channah Edwards, f/k/a Channah Pruter, Emily Carrillo, Rutilio Martinez, Stella Martinez, Beverly Griego, Ramon Griego, Evan Napolean, Alice Napolean, Doug Lenberg, Daniel Goodacre, Betty Lucero and George Lucero, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**CHAMPION FORD, INC., f/k/a Frontier Ford, Inc., Automobile Accessories, Inc., Ted Gumerson, J. Michael Goodart, TAS, Ltd., and Ford Motor Company, Inc., Defendants.**

**No. CIV 89–171 JC/WWD.**

United States District Court, D. New Mexico.

Oct. 8, 1991.

Jerrald J. Roehl and Corbin P. Hildebrandt, The Roehl Law Firm, Albuquerque, N.M., for plaintiffs.

Ronald L. Ripley, Linn & Helms, Oklahoma City, Okl., Bruce E. Pasternack and Kerry Kiernan, Bruce E. Pasternack, P.C., Albuquerque, N.M., John P. Burton, Rodey, Dickason, Sloan, Akin & Robb, P.A., Santa Fe, N.M., for defendants.

## MEMORANDUM OPINION AND ORDER

CONWAY, District Judge.

THIS MATTER came on for consideration of Ford Motor Company's Motion to Dismiss, filed May 9, 1991. The Court has reviewed the Fourth Amended Complaint, the memoranda submitted by the parties and the relevant authorities. The Court finds the plaintiff has sufficiently identified a right arising under federal statute, 18 U.S.C. § 1964, such that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 as to the case against defendant Ford Motor Company. Therefore, Ford Motor Company's Motion to Dismiss on grounds of lack of subject-matter jurisdiction will be denied. However, the Motion to Dismiss will be granted on grounds that the plaintiffs fail to state a RICO claim against Ford Motor Company for which relief can be granted. In accordance with *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court will also dismiss the pendent claims against defendant Ford Motor Company.

The sole issue presented on this 12(b)(6) motion is whether Ford Motor Company can be held vicariously liable for alleged violations of federal racketeering laws by its franchisee, Champion Ford, formerly known as Frontier Ford, Inc. ("Frontier"). In my Order of February 11, 1991, I permitted the plaintiff to file this Fourth Amended Complaint adding Ford as a defendant. In doing so, I relied upon the case of *Liquid Air Corp. v. Rogers*, 834 F.2d 1297 (7th Cir.1987) for the proposition that liability for RICO violations could be imposed under a theory of respondeat superior. In light of the Motion to Dismiss I have made a more thorough review of the Fourth Amended Complaint and later case law, especially from the Seventh Circuit. Even assuming the Tenth Circuit recognizes such a respondeat superior theory of liability for RICO violations, I am unconvinced that the allegations of the Complaint are sufficient to state a claim on such grounds.

When reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must accept as true the plaintiff's well-pleaded factual allegations and all reasonable inference must be indulged in favor of the plaintiff." *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Shoultz v. Monfort of Col-*

*orado, Inc.,* 754 F.2d 318, 321 (10th Cir. 1985).

This Complaint is notable for what is not alleged. There are absolutely no allegations that any persons accused of committing acts which would constitute a racketeering violation are the employees of Ford Motor Company. Absent are any express claims that Ford Motor Company authorized or ratified or benefitted from the alleged wrongful acts of Frontier employees. The Court will not speculate that such conclusions could be inferred from unidentified general allegations of the 99-page Complaint as the plaintiffs seem to urge in their response brief.[1] In essence, the plaintiffs merely conclude that Ford Motor is vicariously liable for alleged RICO violations of its franchisee solely based upon a principal/agent relationship.

The Tenth Circuit has yet to address the issue presented here. Clearly the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.,[2] "is evolving into something quite different from the original conception of its enactors." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 500, 105 S.Ct. 3275, 3287, 87 L.Ed.2d 346 (1985). Originally intended to impose treble damages on elements of organized crime, this provision is now "lib-erally construed" to impose hefty liability on even respectable businesses which have become involved in a pattern of criminal conduct. *Id.* Nevertheless, to expand liability by imposing civil RICO liability based upon the mere presence of a franchisee/franchisor relationship without more would be to "defeat the structure established in the statute and to convert it into a blunt instrument, contrary to the intent of Congress." *See Continental Data Systems, Inc. v. Exxon Corp.,* 638 F.Supp. 432, 440 (E.D.Pa.1986).

In the *Liquid Air* case, the Seventh Circuit found that liability based upon respondeat superior was appropriate where (1) the employer derived some benefit from the RICO violation and (2) imposing vicarious liability was not inconsistent with the intent of Congress. *Liquid Air Corp. v. Rogers,* 834 F.2d 1297 (7th Cir.1987). The court acknowledged that vicarious liability "has only limited application to civil RICO to avoid holding vicariously liable a corporation that was the *victim* of a RICO violation." *Id.* at 1306–07. In their response brief, the plaintiffs assert that because Frontier sold more cars because of its employees' wrongful acts (an allegation not contained within the Complaint), Ford Motor Company derived a benefit justifying respondeat superior liability.

---

1. In their response brief, the plaintiffs attempt to introduce supposed "evidence" against Ford. The Court will not look beyond the Complaint to determine whether the plaintiff *could* have pled a viable federal cause of action. The plaintiffs have demonstrated their ability to plead RICO claims with the required specificity as against other defendants in this case. The Court will not permit what is in essence an attempted Fifth Amendment to correct the deficiencies of the federal claim. *See Cayman Exploration Corp. v. United Gas Pipeline Co.,* 873 F.2d 1357, 1362 (10th Cir.1989).

2. In relevant part 18 U.S.C. § 1962 provides:
   (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce ...

   (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

   (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

   (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section. At issue in this case is liability premised under the first two subsections. The parties agree that vicarious liability is not appropriate under § 1962(c). *See Haroco v. American National Bank and Trust Co. of Chicago,* 747 F.2d 384 (7th Cir.1984), *aff'd.* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).

Although the *Liquid Air* case has never been overruled, later cases seem to significantly narrow the use of vicarious liability for RICO claims. Specifically, it now appears that under Seventh Circuit law a corporation is not vicariously liable under Section 1962(a) where the corporation was unaware of an employee's wrongdoing. *See D & S Auto Parts, Inc. v. Schwartz,* 838 F.2d 964 (7th Cir.1988). "The statute, as interpreted by this Court, imposes liability only upon a corporation that is a perpetrator of a criminal scheme." *Id.* at 966 (Emphasis added). Where a corporation derived a benefit resulting from the illegal conduct but it does so without any knowledge of or acquiescence to the illegal acts, vicarious liability under RICO is inappropriate. *See Harrison v. Dean Witter Reynolds, Inc.,* 695 F.Supp. 959, 962 (N.D.Ill. 1988). A single allegation that Ford Motor Company "knew or reasonably should have known" of the activities at Frontier dealership is conclusory and insufficiently specific to trigger vicarious liability under the RICO statute.

The remaining state claims against defendant Ford Motor Company were originally premised on pendent jurisdiction. As I have dismissed the sole federal claim against defendant Ford Motor Company, it is inappropriate to retain jurisdiction of the state claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Wherefore,

IT IS HEREBY ORDERED that defendant Ford Motor Company's Motion to Dismiss any RICO claims against the defendant Ford Motor Company be, and hereby is, granted with prejudice.

IT IS FURTHER ORDERED that the remaining state law claims against Ford Motor Company be, and hereby are, dismissed without prejudice.